Parsons, C. J.
In the argument the defendant’s counsel have insisted that the indentures referred to in the deed are to be considered iii the construction of the deed; and if, on the consideration of the deed and indentures taken together, it should appear that the suit mentioned in the assignment of the breach was not indemnified against, then the fourth plea is good ; because it is manifest that the suit there mentioned is not included in the covenant of indemnity contained in the indentures.
This position of the defendant’s counsel we think is correct, and in forming our opinion on the’merits of the fourth plea, we have considered the deed and indentures together as relating to the same subject, although between different parties; inasmuch as one object of the indentures was to obtain indemnity to the sureties, one of whom was the attorney of the executor, and who obtained the execution of the indentures on the part of the defendant.
The defendant’s counsel have further argued, that if the fourth plea is bad, yet the third is good; because in that part of the deed relating to the actions, suits, and demands indemnified against, there is a latent ambiguity in the description of the actions, suits, and demands, when the deed is taken in connection with the indentures, *324 which ambiguity is removed by the averment of the extraneous matter, that averment being confessed by the demurrer. [*416] * If, therefore, it appears to the Court, that the suit mentioned in the assignment of the breach is, upon the construction of the deed considered in connection with the indentures, clearly and without ambiguity, one of the actions indemnified against in the deed, then the plaintiffs must have judgment on the two last pleas. For as there will be no latent ambiguity in the deed, the averment of extraneous matter will tend, not to explain, but to xmtrol that instrument, which cannot be admitted.
Upon looking into the deed, we find that the defendant has covenanted to indemnify the plaintiffs against all actions, suits, and de'mands, which might afterwards be instituted against the estate of Lieutenant-Governor Gill, and whereby the plaintiffs might be liable for the payment, by reason of their being sureties for the executor. This covenant includes suits instituted by any party, whether it be the defendant, or one claiming under Thomas Boylston, or any other person whatever. The suit therefore mentioned in the breach is unquestionably included in the covenant of indemnity, considered without any reference to the indentures.
It is true that, in examining the indentures, this suit is not included in the covenant of indemnity contained therein. But the covenant there is not with the plaintiffs, but with the executor.
In the recital of the deed, it is stated that the plaintiffs may be liable to satisfy the claims of the creditors to the estate of Lieutenant-Governor Gill. Claims existing against the estate of any person deceased, are understood in our laws as including every personal demand, which might be recovered against the executor or adminis trator, and which the estate in their hands is bound to satisfy. These claims the plaintiffs are desirous of being indemnified against. They are, therefore, desirous of being indemnified against the claims of all the creditors, who have demands against ihe estate of [*417] Lieutenant-Governor * Gill. The recital proceeds, “ for which purpose” the indentures mentioned have been executed.
As the indentures do not contain a covenant of indemnity against the demands of the creditors generally, but only against certain specific demands, it has been argued by the defendant’s counsel, that the general words in the deed ought in construction to have the restriction expressed in the indentures.
But the natural construction is, that the indentures not affecting hose purposes, the deed was executed that the desire of the sureties for a general indemnity might be accomplished.
However ingenious and subtle are the observations made by the *325 defendant’s counsel, from the change of the phraseology from “actions, suits, and demands,” to the words “ claims and demands,” or from the repetition of the word “ aforesaid,” as applied to the sureties, to the executor, or to the “ claims and demands,” those observations do not seem to have much weight, as the foundation of them may be imputed to the want of precision in the scrivener, or to a tautology too common in all instruments and legal proceedings.
We are therefore satisfied that the suit mentioned in the assignment of the breach is included in the covenant of indemnity contained in the deed, not only when the deed is considered without reference to the indentures, but also when it is considered in conjunction with them; and consequently the fourth plea must be adjudged bad.
We are also of opinion that the third plea is bad. For we do not discover in the deed, considered either with or without the indentures, any latent ambiguities, which will authorize the averment of matters extraneous to the deed. It is true that the indemnity contained in the indentures is limited, and would not avail the plaintiffs to save them harmless in the suit by the commonwealth ; and we are urged to decide that the defendant * could not therefore have intended in the deed an indemnity more [*418] general than that which he stipulated in the indentures.
But we can judge of his intent only from his language. The words of the deed are his own. And certainly there may be considerations, for which a party may be willing to indemnify sureties in cases in which he would not indemnify the principal.
The plaintiffs must have judgment; but as the defendant will review the action, to obtain another trial of the issues in fact, execution will stay, by the consent of the parties, on a bond of review being executed, in the same manner as if such bond had been executed at the last term in Worcester, of which term the judgment is of course to be entered.