GEORGE W. TALBOT *vs*. THOMAS CAINS.

It was alleged in a declaration, that the plaintiff and R. were partners, and that the defendant covenanted with them to furnish them with money to be used as capital in their partnership business; that the defendant did so furnish money, during a certain time, and afterwards, " maliciously intending and contriving to injure and ruin the plaintiff, and confederating and conspiring with said R. to injure and ruin the plaintiff in his business, and to break up said partnership, &c., refused any longer to furnish capital, according to his covenant, and brought a suit against said partners to recover the money furnished to them by him, and recovered judgment against them, took out execution, and caused their stock in trade to be sold on said execution, at a great sacrifice, to pay the same;" and that said R., in pursuance of said confederacy, had refused to join with the plaintiff in a suit against the defendant, for a breach of said covenant.   *Held*, that the plaintiff, in order to maintain his action, must prove not only that the defendant had broken his covenant, but that he did so with the intent, and pursuant to the confederacy, as set forth in the declaration.

TRESPASS upon the case.   The plaintiff alleged in his declaration, that on the 5th of September 1838, a partnership was

formed between him and Andrew Riley, for two years from that date ; that the defendant, on the same day, by an instrument under seal, covenanted with the plaintiff and said Riley, to furnish them with money, to be used by them as capital, to the amount of $ 1500, during their said partnership ; that their partnership business was carried on, and the capital furnished accordingly, by the defendant, until December 4th 1839, when the defendant, maliciously intending and contriving to injure and ruin the plaintiff, and confederating and conspiring with said Riley to injure and ruin the plaintiff in his business, break up said part nership, remove the plaintiff therefrom, and establish said Rile alone in said business, refused any longer to furnish capital ac cording to his said covenant, and brought a suit against said partners to recover the money furnished to them by him as capital, according to his said covenant, recovered judgment against them, took out execution thereon, and caused their stock in trade to be sold on said execution, at a great sacrifice, to. pay the same ; and that said Riley, in pursuance of said confederacy, had refused to join the plaintiff in a suit against the defendant for breach of said covenant.   Trial before *Dewey,* J. who thus reported the case :

The plaintiff, in opening the case, and in the course of the trial, contended that the averments in the declaration, respecting the intent and the confederacy, were merely surplusage, not necessary to be proved in order to maintain the action.   But the jury were instructed, that the plaintiff could not maintain the action, unless he satisfied the jury that the defendant had broken his covenant, and that he did so with the intent and pursuant to the confederacy, as set forth in the declaration.   The jury found a verdict for the defendant, subject to the opinion of the whole court, as to the said instruction.

*Paine,* for the plaintiff.   It was not necessary, in order to maintain the action, to prove the covenant and also the intent with which the conspiracy was formed.   *Richards* v. *Farnham,* 13 Pick. 456.   In an action of tort, the plaintiff is entitled to recover, if he prove actionable matter.   1 Chit. Pl. (2d Amer. ed.) 372.   The judgment recovered by the defendant against

the firm, and the execution thereof, were a breach of his cove-
nant, which would have supported an action of covenant broken ;
and the covenant was used by the plaintiff, at the trial, not as a
ground of action, *per se,* but to rebut the defendant's defence.
A tort, which is covenanted against, will support an action of
tort, as well as of covenant. *Mast* v. *Goodson,* 3 Wils. 348.
*Williamson* v. *Allison,* 2 East, 446. *Cunningham* v. *Kim-
ball,* 7 Mass. 65. *Richards* v. *Killam,* 10 Mass. 247. *Bree*
v. *Holbech,* 2 Doug. 654. *Stoyel* v. *Westcott,* and *Bulkley* v.
*Storer,* 2 Day, 418, 531. *Burnett* v. *Lynch,* 5 Barn. & Cres.
607. *Kinlyside* v. *Thornton,* 2 W. Bl. 1111. *Leslie* v. *Wil-
son,* 3 Brod. & Bing. 171.

The acts done pursuant to the confederacy — including Ri-
ley's refusal to join in a suit against the defendant on the cove-
nant — constitute a tort, without regard to the intent alleged.
No action lies for a mere conspiracy, or for an act done in pur-
suance of an unlawful intent ; *Morgan* v. *Bliss,* 2 Mass. 112,
and *Livermore* v. *Herschell,* 3 Pick. 36 ; but if a party sustain
any damage from an act done in pursuance of the conspiracy
and unlawful intent, he may maintain an action. *Patten* v. *Gur-
ney,* 17 Mass. 186. *Adams* v. *Paige,* 7 Pick. 542. And in such
case, the conspiracy is the gist of the action. *Lamb* v. *Stone,*
11 Pick. 536. See also 13 Pick. *ubi sup.* *Bailiffs of Tewks-
bury* v. *Diston,* 6 East, 460. *Griffith* v. *Ogle,* 1 Binn. 174.

The averment of the defendant's intent is immaterial, as there
are sufficient averments in the declaration to show an actionable
tort.

The refusal of Riley to join with the plaintiff in an action of
covenant, entitles the plaintiff to proceed against the defendant
in an action of tort. *Wilson* v. *Mower,* 5 Mass. 411, per Par-
sons, C. J.

*B. R. Curtis,* for the defendant. If the conspiracy and in-
tent were stricken out of the declaration, no cause of action
would be left. The suit and judgment therein mentioned could
not be regarded as malicious, and therefore no cause of action
could arise therefrom. It follows, therefore, that covenant is
the only foundation of the action.

Where there is a common law duty, an action upon the case will sometimes lie for the violation thereof, though the party has entered into a covenant to perform that duty. The covenant is superadded. 2 Saund. 252, *note* (1). 5 Barn. & Cres. 607. 1 Leigh's Nisi Prius, 551. But an action on the case will not lie in all such cases. *Colvin* v. *Newberry,* cited in 6 Moore, 425. And where the covenant creates the obligation, as in the case at bar, a breach of it is the subject of an action of covenant only. 1 Chit. Pl. (6th Amer. ed.) 155.

The ground now taken by the plaintiff, viz. that the acts pursuant to the conspiracy constitute a tort, without regard to the alleged intent, is inconsistent with that which was taken at the trial ; so that a new trial should not be granted, though the new ground might be tenable.

The conspiracy, as it is alleged in the declaration, involves the intent, and a jury could not find the conspiracy without finding the intent. They might find the intent, without finding the conspiracy ; but that, as the plaintiff's counsel admits, would not maintain the action.

The dictum of Parsons, C. J. cited from 5 Mass. 411, means only, that where one of two covenantees or promisees refuses to join in prosecuting an action, he is liable *to the other* in an action on the case. So that dictum was understood by Morton, J. in 6 Pick. 323.

DEWEY, J. The real question raised upon this report is of a much more restricted character than might be supposed from the points suggested and discussed in the argument for the plaintiff. The simple question presented on the trial was, whether the allegations in the declaration, of the intent and confederacy of the defendant, were mere surplusage and needed not to be proved. The court ruled that they were material allegations, and that the mere breach of the covenant set out in the declaration was not sufficient to entitle the plaintiff to maintain the present action. No distinction was then taken by the counsel for the plaintiff, between the matter of the intent and of the confederacy, nor any suggestion made that they were to be treated as separate subjects. But the counsel now insists, that if there was an unlawful

confederac) the action may be maintained without reference to the alleged intent and object of such confederacy.

The first answer to this position is, that no such instruction to the jury, nor ruling by the court, was asked or refused, during the course of the trial. In looking at the facts, as set forth in the report of the case, we do not perceive that any such distinction could have been usefully urged; inasmuch as the confederacy itself, and the intent and object of the confederacy, seem to be inseparably blended.

In an action upon the case for a tort, it is undoubtedly true, that if the substantial cause of action is shown by the evidence, although all that is charged in the declaration be not shown, yet the plaintiff will be entitled to a verdict. But that falls far short of establishing the position that the mere breach of a contract between A. & B. of the one part, and C. of the other part, will entitle A. to maintain an action upon the case in tort, in his own name alone. That something beyond this is necessary seems now to be conceded by the counsel for the plaintiff; and hence it is contended, that if the confederacy be shown, although unaccompanied by the intent charged, it would be sufficient to maintain this action.

Some authorities were cited, to show that an action upon the case will lie, in some instances, to recover damages where the substantial cause of action rests on contract : As an action upon the case on a warranty of goods sold : So for the disturbance of an easement, though acquired under a contract, and held under covenants for quiet enjoyment; in case the grantee is disturbed by the grantor. *Mast* v. *Goodson*, 3 Wils. 348. If the cause of action really arises upon contract, then, I apprehend, the suit must be between the contracting parties ; as much so, when brought in case, as when brought in assumpsit. If it arises from a tort, which would subject the party to an action, independently of any privity of contract, then the fact, that the injured party has a cumulative remedy, by force of a contract, will not divest him of his right to an action upon the case.

It was also urged, that the allegation in the declaration, that Riley, one of the covenantees in the instrument executed by the

defendant, had, in pursuance of the confederacy, refused to join in a suit against the defendant for breach of the covenant, would, if proved, authorize a verdict for the plaintiff. To sustain this position, the case of *Wilson* v. *Mower*, 5 Mass. 411, was cited; but, as it seems to us, it does not furnish the authority supposed. See *Eastman* v. *Wright*, 6 Pick. 323. But whether such action would lie, upon proof of a confederacy between the defendant and one of the covenantees to defeat an action on the covenant, it is unnecessary to decide; for the reasons already stated.

*Judgment on the verdict.*