## BLANCHARD *v.* PUTNAM.

A receipt for a sum of money to account for on demand and interest, is not an undertaking to pay that sum absolutely ; and, in an action upon it, the defendant may show by parol evidence how the money was to have been applied.

ASSUMPSIT. The plaintiff gave in evidence a receipt, signed by the defendant, in these words :

"WILTON, June 3, 1857. Received of Cyrus Blanchard two hundred dollars, to be accounted for on demand, with interest.

ELIPHALET PUTNAM."

He also proved, that on the 22d day of March 1842, he demanded of the defendant payment of the amount named in the receipt.

It appeared, that at the date of the receipt and long before, the defendant was guardian of the children of Dr. Colburn deceased, and that he had procured license to sell their real estate, which consisted of a farm in Wilton subject to the dower of the widow, whom the plaintiff had married.

The defendant introduced a witness who testified, that the defendant as guardian offered the farm at public auction on the 29th day of March 1837; that the conditions of the sale were, that the purchaser should pay $400 down, and give a mortgage on the premises to secure the payment of the balance of the purchase money; that the plaintiff, who occupied the farm, bid it off at the sale, and afterward, on the third day of June, paid the sum of $200, part of the $400, for which the receipt was given.

To this testimony the plaintiff objected, as incompetent to prove the facts testified; but it was admitted by the court, and a verdict was taken by agreement for the defendant, on which judgment was to be rendered, or it was to be set aside and a new trial granted, as the opinion of this court should be upon the foregoing case.

*G. Y. Sawyer*, with whom was *Livermore*, for the plaintiff, contended that the instrument produced was the evidence of a contract complete in itself, and that parol evidence could not be introduced to vary or contradict its terms and plain import. It should be construed by itself. He cited Greenl. Ev., secs. 104, 278, 305; Chitty on Contr. 106; 5 B. & C. 108; 6 Pick. 28; 3 Sumner 530; 5 Wend. 187.

*J. U. Parker*, for the defendant.

WOODS, J. This is an action on a contract which is set out in the case, and the question arises upon an objection to evidence introduced by the defendant, founded upon a suggestion that the evidence tended to vary or contradict its terms. If this be so, the evidence was improperly admitted. It, therefore, becomes material to inquire, what the terms of the contract were, or what the defendant, in entering into the contract, bound himself to do.

The writing, which is the evidence of the contract, shows, that in consideration of the $200 paid by the plaintiff to the defendant, the latter promised and assumed to account for the same, with interest legally accruing, when requested.

Now that is not an agreement to pay the plaintiff so much money generally, but to account for the same, either by paying it over on demand, or by showing its application to some use legally authorized by the dealings between the parties and their mutual relations. The form of the paper indicates the existence of dealings which may demand the application of that sum of money, and implies that the defendant had done something, or had assumed to do something for the plaintiff, requiring personal diligence or the use of money, for which the sum receipted for was paid. The account on which the payment is made not being specified in the receipt, the defendant is by the very terms of his undertaking, required to exhibit; so far is the exhibition of his account from being in derogation of, or a deviation from, those terms.

But it is said that the words " on demand and interest," qualify the meaning of the other words of the contract, and show that it was for the payment of money. But it is difficult to see how such force can be attached to those words. To render an account on demand is a very different thing to undertake to do from paying over on de-

Blanchard *v.* Putnam.

mand whatever one has received upon such an account, without regard to what has been done or paid in discharge. The former, the defendant has clearly undertaken to do, and it does not appear that he refused to do. The latter does not seem to be within the terms of his reasonable undertaking. He must, undoubtedly, account for interest legally accruing upon this money, for so he has undertaken to do. He may do this by discounting the interest legally accruing upon the items upon the other side of the account, or, if the money lies in his hands for a time before it becomes justly applicable to the purposes for which he has received it, he must account for it by charging himself for the accumulated amount.

Now the evidence offered is, that the sum for which the receipt was given was parcel of a sum which was to have been paid on the 29th day of March previous. Upon the final adjustment of that sum, the plaintiff would be entitled to have interest reckoned upon his payment, and deducted from the $400, with or without interest, as justice might require ; and the difference would be the amount remaining due upon the cash payment that should have been made upon the purchase of the farm.

We are clearly of the opinion, that the evidence did not vary or control the terms of the written contract, but that the contract itself provided for the introduction of it. There must, therefore, be, in conformity with the agreement by which the case comes before us,

*Judgment on the verdict.*