## FITTS *v.* HOITT.

Where a contract provides that "certain incumbrances" upon land shall be removed by the plaintiff, all incumbrances are intended.

An inchoate right of dower is an incumbrance, within the meaning of such a contract.

Where the event by which a party is to become entitled to a sum of money, or to require a duty to be performed by another, consists of an act to be performed by himself, not requiring the concurrence or knowledge of the other party, a suit will not lie till notice.

ASSUMPSIT upon a contract signed by the defendant, the import of which is expressed in the opinion of the court. Plea, the general issue.

*Pillsbury,* for the defendant, cited 4 N. H. Rep. 21; 19 Pick. 314; 5 T. R. 621; 19 Johns. 313; 3 Stark. Ev. 1009.

*Bell,* for the plaintiff, cited Greenl. Ev. 327; *Fuller* v. *Wright,* 18 Pick. 403; Chitty Cont. 732; 1 N. H. Rep. 247.

GILCHRIST, J. This is an action upon a contract, in which the defendant acknowledges the receipt of a note, which he describes, and promises, that, when certain incumbrances on the Ferrin land, sold and warranted by the plaintiff to the defendant, are removed, and the note collected, he will pay the avails to the plaintiff. He now seeks to recover, because he says that the incumbrances referred to in and by the contract have been removed.

As there are still upon the land certain inchoate rights of dower, the plaintiff offers to prove, by the testimony of witnesses, that the parties in making the contract intended by the words, "certain incumbrances," no other than certain mortgages then outstanding upon the land, but since removed. He also insists that an inchoate and contingent right of dower is not an incumbrance within the

terms of the contract, even if not explained by the testimony offered.

The general rule is perfectly settled in the law of evidence, and is of familiar application, that where the terms of a contract are reduced to writing, evidence shall not be introduced to show that the parties meant by it more or less than is expressed by the writing. With respect to receipts, indeed, it has been held that they are only *primâ facie* evidence of the payment or delivery which they acknowledge; but where a contract is embodied in the instrument, to do any thing with or concerning the thing delivered and received, the rule relating to written contracts in general prevails, and the writing shall not in that particular suffer explanation to vary its terms, or any contradiction by means of testimony. Greenl. Ev., sec. 305.

In a recent case in this court, where the application of the rule was insisted on, the defendant had given a receipt for money, " to be accounted for on demand and interest," and it was held that parol evidence was admissible to show on what account the money was to be applied, because such was the fair import of the contract itself; accordingly, evidence that it was paid, to be applied to the purchase of land sold by the defendant for his ward, was held to be admissible. *Blanchard* v. *Putnam,* 16 N. H. Rep. 48.

So that the circumstance that the contract is appended to, and parcel of a receipt given for the note, or for money received upon the note, has no influence at all to take it out of the operation of the general rule. If the parties have put a contract in writing, evidence shall not be received of words used by them at the time, declaring the meaning of the writing to be other than the words it contains, convey; or of language used by them at the time, with a view to restrain or enlarge its force, or to vary its construction. Greenl. Ev., secs. 282, 321, 316.

There are many cases that illustrate the rule. If a con-

tract specify no place for the delivery of portable articles, as the law fixes the place, you cannot offer evidence of contemporaneous stipulations, to vary the instrument in this respect. "Where the legal effect and construction of an instrument are well settled, it is varying the instrument to show that the parties meant something else." *La Faye* v. *Bickert,* 5 Wend. 187.

Where a policy of insurance was effected on goods "in ship or ships from Surinam to London," it cannot be shown by parol that a particular ship in the fleet, which was lost, was verbally excepted at the time of the contract. *Weston* v. *Emes,* 1 Kent 115.

There is no material difference in interpreting wills and contracts, the object in both cases being to discover the intention ; Greenl. Ev., sec. 287 ; and the duty of the court is to ascertain, not what the parties to the contract may have secretly intended, as contra-distinguished from what their words express, but what is the meaning of the words they have used. Greenl. Ev., sec. 277 ; *Doe* v. *Gwillim,* 5 B. & Ad. 122. "Not what the testator intended to insert in his will, but what the words actually inserted in it do pass." *Parke,* J., *Templeman* v. *Martin,* 5 B. & Ad. 771.

The defendant covenanted to indemnify the plaintiff against all demands which might afterwards be instituted against the estate of Lieut. Gov. Gill. It was held that the covenant included all suits, by any party, and that therefore no averment of an intention different from that expressed in the covenant, and limiting its effect to suits commenced by particular persons, could be admitted. *Watson* v. *Boylston,* 5 Mass. 411.

The agreement in this case was to pay over the avails of the note upon the removal of "certain incumbrances." The meaning of that was, the removal of all incumbrances. The use of the word "certain" does not limit the generality of the word "incumbrances," and any claim or

charge existing upon land, that can be held to be included by the term, incumbrance, is a "certain incumbrance." If the condition had been, the removal of certain mortgages, or the extinction of certain rights of way, of which there were several, could it be assumed that some, and not all of those mortgages, or that some, and not all of those rights of way, were intended? and that a party to the contract should be permitted to show which mortgage, and which right of way among the many, were intended by the parties?

Upon the construction of such a contract we think that the only inquiry must be, what mortgages and what rights of way actually existed at the time of making the contract. The only question under this, therefore, is whether an inchoate right of dower is an incumbrance.

The question arose in *Fuller* v. *Wright*, 18 Pick. 403. The contract in that case recited that the plaintiff's intestate had conveyed to the defendants a lot of land upon which there were mortgages, " and which was subject to other claims and incumbrances;" and the defendants promised to the intestate to pay him $1,200 after he should have " cleared and freed said premises from all claims and incumbrances, or the balance, if any there shall be, after having satisfied said claims, and removed said incumbrances, ourselves." The wife of the intestate did not release her dower when he conveyed to the defendants, and there was an attachment of the equity of redemption and a subsequent sale of it on execution.

The court, in their opinion, as delivered by chief justice *Shaw,* say, that " whether an inchoate right of dower shall be deemed an incumbrance, is a question which must depend upon the contract and the circumstances. Upon an executory contract, by which one, for a certain sum, should engage to transfer land, &c., by a good and indefeasible title, free of all claims and incumbrances, it would be reasonable to consider it as the intent of the parties that

for the sum named the covenantee should have a complete title, free of actually existing claims of dower. But we think no general rule can be laid down to determine absolutely whether such inchoate right of dower is an incumbrance." In that case, they held that it was not such an incumbrance, because the intestate had already conveyed to them without a release, which the court thought raised a presumption that no such release was expected by the grantees, and because the form of the contract which contemplated that the defendants themselves might extinguish the incumbrances out of the twelve hundred dollars which they retained, showed that the parties intended such incumbrances only as they had a right to extinguish by the payment of money. As it was plain that they could not so extinguish the inchoate rights of the grantor's wife and her possibility of dower, it was, on that additional ground, concluded that no such incumbrance was intended by the parties to the contract.

That case, therefore, is not an authority upon the point here raised, for there is nothing in the terms of this contract, or of any writing connected with it, that shows an intention of the parties to confine it to such incumbrances only as either party had the right to extinguish by paying a sum of money, the charge or security of which constituted the incumbrance. By the words, "certain incumbrances," were intended, as has been said, all incumbrances.

Accordingly, when the question arose in the latter case of *Shearer* v. *Ranger*, 22 Pick. 447, which was upon covenants in a deed, it was, upon an examination of the authorities, held, that an inchoate or contingent right of dower was an incumbrance within the meaning of the covenant against incumbrances. The *dictum* of Mr. Justice *Story*, in *Powell* v. *Monson Man. Co.*, 3 Mason 347, to the contrary, was cited among others.

The cases of *Porter* v. *Noyes*, 2 Greenl. 22, and *Jones* v.

*Gardner*, 10 Johns. 266, cited by the court in the case in Massachusetts, sustain the point there decided, and the reasonable objects for which the covenants against incumbrances may be supposed to be inserted in deeds, and the reasonable objects that may be supposed to have been contemplated by the contract under consideration, seem to require that the contingent claim of the wife of one who has been seized of the land, should be considered as an incumbrance.

It was objected, that there should have been a demand, accompanied by a notice of the removal of the incumbrances, before commencing the action.

The objection is well founded. The plaintiff had his own time for performing the acts which would by the agreement have entitled him to the payment of the money collected by the defendant, and he alone could know at what time he became so entitled. It would be an extreme hardship to permit him, immediately upon the consummation of the act, which did not require the knowledge or concurrence of the defendant for its due performance, without notice to him, to maintain an action for the money. Hence the general rule, that where the fact upon which the defendant's liability arises, lies peculiarly within the knowledge and privity of the plaintiff, notice thereof must be stated to have been given to the defendant before the commencement of the action. Saund. Plead. and Ev. 132; *Rex* v. *Holland*, 5 T. R. 621; 2 Saund. 62, a.

The defendant had a right to hold the note, with its avails, till his indemnity was provided for by the plaintiff. He had of course a right to retain it till he had notice that the plaintiff had done so, and until a request was made, or at least an opportunity given him, to deliver the pledge to the party who had redeemed it. This notice was not given him.

For these reasons the verdict must be set aside and a
*New trial granted.*