CAVERLY & 31 OTHERS *v.* JONES & a.

23 573
66 182

In personal actions, the nonsuit of one of several plaintiffs is the nonsuit of all.

Where one of several co-plaintiffs shows to the court, that the action was brought without his consent, knowledge or authority, and requests to be nonsuited, a nonsuit will be entered as to all the plaintiffs.

Where it appeared that such plaintiff refused to prosecute, or to permit his name to be used, though he was offered ample indemnity against costs, and notice was given to the defendants of this, and that the suit was brought exclusively for the benefit of the other plaintiffs; whether such nominal plaintiff would be permitted to defeat the action, *quære.*

TRESPASS, for breaking and entering the plaintiffs' close in Barrington, and cutting and carrying away the trees growing upon it. The plaintiffs claim as coheirs and purchasers from other co-heirs of one Stephen Pendergast, formerly of Durham. After the trial was commenced, upon the general issue, Daniel Meserve, John P. Meserve, and James D. Meserve, three of the plaintiffs, presented to the court their petition as follows :

Caverly *v.* Jones.

*Strafford ss.—Court of Common Pleas,*
January Term, 1851.

To the honorable justices of said court: We the undersigned, finding ourselves named as plaintiffs in the action of Richard Caverly and others against Peletiah Jones, Benjamin Durgin and Stevens Durgin, now pending in said court, respectfully represent, that said action was commenced, and our names used as plaintiffs, without our consent, knowledge or authority ; and we object to the prosecution of said action in our names, and do hereby forbid the attorneys of said plaintiffs further prosecuting the same ; that we have no doubt that the said Peletiah Jones, at the time the alleged trespasses were committed, was the lawful owner of the land upon which said supposed trespasses were committed ; that we make no claim, and never have made any claim, to the land described in the plaintiff's writ, and are fully satisfied that our ancestor, Stephen Pendergast, or his executors, sold and conveyed said land to William Laskey, under whom the said Jones claims title thereto ; we therefore become nonsuit in said action, and pray the court so to order, and to protect us in the premises.

(Signed,)                      DANIEL MESERVE,
                               JOHN P. MESERVE,
                               J. D. MESERVE.

And thereupon it was ordered that said petitioners be nonsuit, subject to the opinion of this court, as to the propriety and effect of said entry. The nonsuit to be sustained, set aside, or extended to all the plaintiffs, as this court shall adjudge to be proper.

*Christie & Kingman* for the plaintiffs.

Our position is, that all the tenants in common must join in this action, or it might have been defeated by a plea in abatement.

" When two or more suffer by an injurious act, and the damage to one is the same as the damage to the other, they are jointly entitled to repair it." Com. Dig. Abat. E., 12, p. 14 ; Hammond on Parties, 42, (ed. 1822.)

. Tenants in common should join in a personal action for a

matter that concerns their tenements in common ; as *trespass quœre clausum*. Com. Dig. Abat. E., 10 ; Co. Litt., 198, a. ; 1 Salk., 4 ; *Bradish* v. *Shenck & note*, 8 Johns., 117 ; *Thompson* v. *Hoskins*, 11 Mass., 419 ; *Cabell* v. *Vaughan*, 1 Saund. Rep., 291, e. ; *Brotherson* v. *Hodges*, 6 Johns., 108 ; Hammond on Parties, 44, (ed. 1822 ;) 3 Bac. Ab. Joint-tenants, K.

If then, in order to maintain the action, we were obliged to join all the tenants in common, we contend that the nonsuit should be stricken off, and the action suffered to proceed, these parties being indemnified against costs ; or that the action should go without them, and a proportionate reduction of damages be made at the trial.

It would work a great injustice to the twenty-nine other plaintiffs, if, on the one hand, they cannot safely omit to join these three ; and on the other, cannot proceed in the suit after joining them. " A permission allowed to one of several co-partners, plaintiffs, to dismiss a suit, so far as he is concerned in interest, amounts to nothing without ascertaining what that interest is and a court may refuse to allow one partner to dismiss a suit, which another insists on prosecuting." *Cunningham* v. *Carpenter*, 10 Ala.Rep., 109.

*Stickney*, and *J. S. Wells*, for the defendants.

We contend, in the first place, that these plaintiffs had the right to become nonsuit.

By the common law, a plaintiff had the right to become nonsuit at any time before verdict. 3 Black. Com., 376. And it is so held now in New-York and some other States. *Wooster* v. *Bean*, 2 Wend., 285 ; 1 Wend., 65 ; 5 U. S. Dig., 454, 455, §§ 43, 44, 49, 50.

In Massachusetts, it is held, that a plaintiff may voluntarily become nonsuit, as a matter of right, at any time before the trial is commenced, but after that it is at the discretion of the court, if the defendant objects. *Haskell* v. *Whitney*, 12 Mass., 47 ; *Locke* v. *Wood*, 16 Mass., 317. The same is held in *Judge of Probate* v. *Abbott*, 13 N. H. Rep., 21.

It would seem, therefore, that one plaintiff has no right to

object to a nonsuit by his co-plaintiff; the defendant only, has that right in certain cases. The case *Wilson* v. *Mower*, in error, 5 Mass., 407, is very similar to the present case. Wilson, one of the plaintiffs, whose name was used without his knowledge or consent, became nonsuit, and the court held that all the plaintiffs were thereby nonsuited. In this case, the three plaintiffs became nonsuit as soon as they learned that their names were used as plaintiffs in the action. There can be no doubt, therefore, of their right to become nonsuit. The other plaintiffs had no right to use their names as plaintiffs without their consent, nor to retain their names in the action, against their will.

We contend, in the second place, that in personal actions, the nonsuit of one is a nonsuit of all the plaintiffs. *Kimball & a* v. *Wilson*, 3 N. H. Rep., 96. The court in that case say, " It is also a rule of law, that in personal actions, the nonsuit of one is the nonsuit of all the plaintiffs, although the rule is different in real and mixed actions. Bacon's Ab. Nonsuit, E. ; 10 Mass., 79 ; 5 Mass., 411. The same doctrine is laid down in 3 Thomas' Coke, 502. In personal actions brought by several plaintiffs, the release of the action by one of the plaintiffs is a good bar to the prosecution of the action by the others. *Kimball* v. *Wilson*, before cited. When there is a release of the action by one of the plaintiffs, it will not be contended, we presume, that the court have the right to allow the other plaintiffs to proceed in the action. One plaintiff has the same right to become nonsuit, that he has to release the action ; and we contend that when one plaintiff becomes nonsuit, the court has no more right to allow the other plaintiffs to proceed in the action, either in their own names or in the names of all, than they have in the case of a release by one of the plaintiffs. In *Wilson* v. *Mower*, 5 Mass., 411, before cited, C. J. *Parsons* says, " It has been inquired what remedy a man has, who has a good cause, where no severance lies with another, who will not consent to prosecute. It is his folly, saith the law, to be concerned with such a man." That is a sufficient answer to the suggestion of the plaintiff, that injustice may be done to the twenty-nine other plaintiffs, if a nonsuit of the three be a nonsuit of all the plaintiffs. The

twenty-nine others may have their remedy as suggested by C. J. *Parsons* in that case, which is, that if any of the parties interested should unreasonably refuse to join in the prosecution of an action, he might be liable to the others in an action on the case for any damage thereby sustained. The case in 10 Ala. Rep., 109, cited by the plaintiffs does not apply to this case. The rights and liabilities of co-partners are different from those of tenants in common of real estate. There might be cases between partners, which would justify and require the court to interfere in that way ; as where one co-partner has assigned all his interest to the others, in which case the others, in bringing the suit, must necessarily use the name of the firm ; in such case the co-partner, who has no interest in the action, would not be allowed to release the action, or become nonsuit.

BELL, J. It is a rule of law, it is said by C. J. *Richardson*, in *Kimball* v. *Wilson*, 3 N. H. Rep., 101, that in personal actions, the nonsuit of one is the nonsuit of all the plaintiffs, although the rule is otherwise in real and mixed actions. We think no doubt can be entertained, that the rule is correctly stated. In this case of trespass, a nonsuit must of course be entered as to all the plaintiffs. *Wilson* v. *Mower*, 5 Mass., 411.

The counsel for both parties agree, that in personal actions tenants in common must join ; and it is not questioned, that a release by one of the plaintiffs is a bar to the action ; both of which points were directly in question in the case of *Kimball* v. *Wilson*. The case of the nonsuit stands manifestly on the same ground as a release. An admission by one of the plaintiffs is also evidence against his co-plaintiffs. 1 Ph. Ev., 378 ; 1 Greenl. Ev., 203, § 172. The writing presented to the court in this case, contains admissions which are almost necessarily fatal to the case of the parties making them, and consequently to the case of all the plaintiffs. If either of these, the release, the nonsuit, or the admissions, can be excluded, the same principle would require that all of them should be rejected.

In certain cases the courts have recognized an exception to what was once the universal rule of the common law, that the

acts and admissions of the plaintiff in every form, were admissible to defeat his action. If the action is brought by an assignee in the name of the assignor, or his representative, or by a person beneficially interested, in the name of one, who may be regarded as his trustee, and application is made to the court at the proper stage of the case, the court will set aside a release executed by the nominal plaintiff, as fraudulent against the party really interested; and will not permit the plaintiff to interfere with the action, to the prejudice of the party really interested. *Webb* v. *Steele*, 13 N. H. Rep., 230; *Eastman* v. *Wright*, 6 Pick., 316.

Though the decisions on this point, of most frequent occurrence, relate to cases of assignment of choses in action, yet there seems no objection to the extension of the same principle to all cases, where the release of the action, or interference with it, is in violation of any contract between the parties, and a breach of good faith.

None of the cases we have met with apply, where each of the plaintiffs has an equal interest in the claim in suit, and maintains the action, if at all, in his own right and for his own benefit, and where each has an equal right to control the suit. *Eastman* v. *Wright*, before cited.

Tenants in common, in general, are not bound to each other by any contract. Their estates are several, and, in the case of real estates, may be recovered by separate actions. Each has the right to judge for himself, whether his rights have been infringed, and what is a proper indemnity for the injury done to him, and to decide for himself, whether a suit shall be brought for the injury, and how, and to what extent it shall be prosecuted. If he prevents his co-tenants from enforcing their rights by action, by refusing unreasonably and wrongfully to permit an action to be brought in his name, and thus shelters the wrong doer, there seems no reason, why he should not be held responsible for the consequences of the wrong. *Wilson* v. *Mower*, and *Eastman* v. *Wright*, *ante*. On the other hand, an obstinate and irresponsible co-tenant should not have, as of course, the right to prosecute, in the name, and at the risk of his res-

ponsible co-tenants, a claim, which they think unfounded, nor to pursue it in a manner which they think unreasonable. Such use of their names for his own purposes, should clearly not be permitted, except upon the most ample and satisfactory indemnity, which was not here offered.

How far the court might have thought proper to interfere, upon a motion to reject the writing offered in this case, or to set aside a release in a like case, if it had been shown that application had been made to the three plaintiffs, to permit their names to be used in the action for the benefit of the others, and that they had consented, upon being indemnified or otherwise, and notice of these facts given to the defendants before the making of this paper; or if it was shown, that such application had been made, and such indemnity offered, and refused, and notice given to the defendant of these facts, and that the action was brought for the exclusive benefit of the other plaintiffs, it is not necessary here to consider. Any fraudulent or covinous contrivance to defeat the action would present a different case from the present.

*Plaintiffs Nonsuit.*