LOT P. JAMES *v.* GEORGE W. AIKEN.

*Sale. Effect of Release by one Vendor. Evidence under General Issue. Notice under § 32, ch. 30, Gen. Sts.*

If one joint vendee release his interest in a joint right of action against the vendor for false and fraudulent representations made in the sale, the interest of the other vendees is thereby released, although the releasor assumed to release only his own interest.

The plaintiff had given such release, and received $1000 therefor. Afterwards he paid notes executed jointly by himself and the defendant and others, joint vendees, for the purpose of raising funds to pay towards the property purchased, and brought this suit for contribution. *Held*, that the defendant was entitled to share in the $1000; that to that extent the plaintiff never had claim for contribution against him; and that, as it was not in extinguishment of any cause of action that ever existed, the transaction might be shown under the general issue, and notice under § 32, ch. 30, of the Gen. Sts., was not necessary.

GENERAL ASSUMPSIT. Plea, the general issue and trial by jury, February term, 1874, PECK, J., presiding.

The plaintiff's testimony tended to show, that he and the defendant and Jonathan James, Jr., and one Kay, jointly purchased a patent-right of one House, for $4000; that Kay paid for his quarter at the time of the purchase, but that the plaintiff and defendant and James gave Kay their joint and several notes for $2000, and agreed to pay him $1000 down, which they did with money raised on their joint and several note at a bank; that they then jointly purchased $900 in notes of one Badger, and gave their two hundred dollar note in part payment therefor, and transferred the notes thus purchased to House, and had the amount thereof indorsed on their notes which he held; that the bank note was renewed from time to time, the defendant paying his share of the interest at each renewal, until the plaintiff finally paid it himself, and also paid the two hundred dollar note to Badger; and this suit was brought to compel the defendant to contribute.

The defendant offered to show, that the sale of said patent-right was made to them upon the false and fraudulent representations of said House that his right to the invention had been settled by a competent court in New Hampshire, whereas the suit in New Hampshire was pending at the time of said sale, and was still pending, by reason whereof said patent-right was at the time of said sale wholly worthless, all which said House well knew; that soon after said sale the plaintiff and said James bought out said Kay's interest in said patent, and afterwards, upon learning the fraud of said House, said James brought suit against him in his own name alone, to recover damages therefor, and attached property and thereby obtained security; that before the plaintiff paid

the notes as aforesaid, he and the said James, without the defendant's knowledge or consent, and without authority, entered into a written contract under seal with said House, whereby they discharged him "from all liability for any damages arising from any fraudulent or false representations in the sale of patent-rights heretofore made to them or either of them, jointly, or with other parties," and that in consideration thereof the plaintiff received $1000. The defendant further offered to show, that his damages occasioned by said discharge, were more than all the plaintiff claimed against him; and claimed to submit the amount of such damages to the jury. The defendant also claimed that said discharge had the effect to release him from the plaintiff's claim for contribution.

The plaintiff objected to the defendant's evidence, for that it was not admissible under the general issue, nor under any state of pleadings. The court excluded the evidence, and intimated that it would not be admissible under any state of pleadings; to which the defendant excepted, and declined to go to the jury; whereupon the court ordered a verdict for the plaintiff for one third of the amount paid by the plaintiff as aforesaid.

*A. J. Shurtleff* and *Benton, Hill & Cross*, for the defendant.

The defendant's offer was to show a joint claim against House, and all the purchasers must have joined in a suit to enforce it. 2 Hilliard Torts, 303, 304; 1 Chit. Pl. 54, 55.

On such a claim, a release under seal by one of the claimants, is a discharge of the whole claim. *Austin* v. *Hull*, 13 Johns. 286; approved in *Decker* v. *Livingston*, 15 Johns. 479; *Fitch* v. *Ferman*, 1 Johns. 172; *Piersons* v. *Hooker*, 3 Johns. 68. The same principles are affirmed in later cases. *Myrick* v. *Darne*, 9 Cush. 248; 47 Me. 362; 54 Me. 230.

Although this discharge was executed jointly by the plaintiff and James, the consideration was all received by the plaintiff before he paid the notes in question.

The discharge having the effect to release the claims of all the purchasers of the patent-right, the consideration paid belonged to them all. Until that was exhausted, the plaintiff had no right to claim contribution for the payment of the notes.

4

Again : the owners of this patent-right were not partners, and the defendant was not bound to accept a *pro rata* share of the consideration paid by House. The plaintiff in making that settlement and receiving the avails of it, acted at his own risk in receiving funds belonging to the defendant, and in so doing became liable to pay the defendant not only a *pro rata* of the money actually received by him, but the full value of the defendant's interest in the claims against House. Out of the transaction grew an implied contract to that effect. *Patrick* v. *Hazen*, 10 Vt. 183 ; *McLean* v. *McLean*, 1 Conn 397 ; *Dale* v. *Sollet*, 4 Burr. 2133.

*John Young* and *W. D. Crane*, for the plaintiff.

The evidence offered by the defendant was properly excluded. Before he could show any damage arising to him from the discharge of House, he was bound to show that House had been discharged. The discharge offered in evidence does not establish such fact ; it only purports to discharge, and does discharge, only House's liability to James and the plaintiff; it d es not and could not discharge him from liability to the defendant. One joint vendee cannot discharge the claim of his co-vendee for damages for false and fraudulent representations of the vendor.

But if otherwise, and the defendant's claim for damages was discharged, his evidence was inadmissible. The claim against House for damages was joint, and could not be severed ; and if the plaintiff discharged it for a valuable consideration, the defendant's remedy is to make the plaintiff account either in chancery or an action of account.

But in any view, the evidence was not admissible under the general issue. Gen. Sts. ch. 30, § 32.

The opinion of the court was delivered by

WHEELER, J. On the plaintiff's evidence, the purchase of House was a *joint purchase* on a *joint* consideration. When the defendant offered to show that the sale " was made to said parties by said House " upon false and fraudulent representations that were actionable, he offered to show that which would constitute a *joint right of action* in favor of the purchasers against House. 1 Chit.

Pl. 51; *Patten* v. *Gurney*, 17 Mass. 182; *Medbury et als.* v. *Watson*, 6 Met. 246. *Baker* v. *Jewell*, 6 Mass. 460, although sometimes cited to show that a joint action cannot be maintained in such · a case, is not really in opposition to this view. That action was brought by the purchaser of one eighth of a mill and dam and water privilege, bought by him with other purchasers of the other seven eighths, for misrepresentations made in the sale, and, on objection that he could not maintain the action alone, it was held that he might, because he might alone have been defrauded. But in this case, according to the offer, all were defrauded together. The right of action being joint, was released by the release of the plaintiff and Jonathan James, Jr., two of the persons to whom it belonged, although they may not have undertaken or assumed to release more than belonged to themselves. No action could be maintained by the others except jointly with them, and in an action by all, their release would bar themselves, and with them, all would be barred, and the action defeated. *Ruddock's* case, 6 Co. 25; 1 Parsons Cont. 26; *Wilson* v. *Mower*, 5 Mass. 411; *Eastman* v. *Wright*, 6 Pick. 316; *Pierson* v. *Hooker*, 3 Johns. 68. The couplet on *Ruddock's* case in Coke's reports, in verse, p. 31, is:

> Ruddock. Release in actions personal,
> By one of plaintiffs made, does bar them all.

According to the defendant's offer, the plaintiff received one thousand dollars in consideration of this discharge. The defendant is unquestionably entitled to his share of this money, as much so as if the plaintiff had collected it on a judgment in an action for the fraud in favor of all. The offer was to show that the plaintiff received this money before he paid the notes to the payment of which he seeks to make the defendant contribute; and if he did, he had this money, which belonged to the makers of the notes jointly, with which to discharge their joint liability at the time when he discharged it; and to the extent that he so had it, he has never had any claim for contribution. The effect of this evidence would be to show that so far, no cause of action ever existed, and not matter in discharge of one that had once existed;

and there would be no occasion to give notice according to the statute, ch. 30, § 32, Gen. Sts., cited by counsel for the plaintiff.

Upon these considerations the judgment must be reversed.

The offer of the defendant as to damages sustained by him in consequence of the discharge, as set forth in the exceptions, does not specify how nor when he sustained the damages. It was suggested by PARSONS, Ch. J., in *Wilson* v. *Mower*, that if one joint plaintiff in a personal action, and stated by MORTON, J., in *Eastman* v. *Wright*, that if one joint contractor, unjustly releases the action to the injury of others, they may have a remedy by special action on the case. But without something more definite in this case as to such damages, it cannot be determined whether there is anything there that the defendant can avail himself of in any form, and if in any, in what form, in defense of this action.

Judgment reversed and cause remanded.