RIGHT PRINTING COMPANY, INC. *v.* ROLAND E. STEVENS.

February Term, 1935.

Present: POWERS, C. J., MOULTON, THOMPSON, and SHERBURNE, JJ.

Opinion filed May 15, 1935.

*Paul Gilioli* for the defendant.

*Raymond Trainor* and *Henry F. Black* for the plaintiff.

THOMPSON, J.    This is an action of contract brought to Hartford municipal court, in which the plaintiff seeks to recover from the defendant for the printing of certain briefs in the case of *Sargent* v. *Robertson et ux.,* which was then pending in this Court, and in which the defendant was the attorney of the defendants in that case.    There was a trial by court.    A finding of facts was made, and there was a judgment for the plaintiff.

The plaintiff is a corporation engaged in the printing business at White River Junction.    Alfred T. Wright is the manager of the plaintiff.    In all the conversations he had with the defendant hereinafter referred to, and in all other things that he did in connection with the matters involved in this case, he was acting for and in behalf of the plaintiff.

In the first line of the first paragraph of the findings where the court uses the word ''plaintiff'' it refers to Mr. Wright.

The court found as follows:

> ''Both plaintiff and defendant are men of high standing in the community and both stand unimpeached as to their veracity.    It is to be regretted that a law suit should seem to be necessary to determine an issue of no greater magnitude than the one disclosed here.    The case resolves itself into a question of the balance of proof, based on legal standards and rules of evidence, the burden of proof being upon the plaintiff to make out his case by a fair preponderance of the weight of the evidence.
>
> ''After a careful scrutiny of the evidence and of the weight to be given to the testimony of the witnesses, the charges and book entries and the 'job tickets' which were admitted without objec-

tions, I find by a fair preponderance of the weight of all of the evidence before me, that the plaintiff at all times relied on the name and credit of the said R. E. Stevens for the pay for said printing job and on no one else, and so find.''

The defendant excepted to the last paragraph of the findings as unsupported by the evidence, against the evidence, and insufficient in law to support a judgment.

Two briefs were printed by the plaintiff, a main brief and a supplemental brief. The defendant admits that he ordered the briefs to be printed. He testified that when he ordered the main brief to be printed he told Mr. Wright that he was acting as attorney for Mr. and Mrs. Robertson, and that he was not personally responsible for the payment for printing that brief; that later, when he ordered the printing of the supplemental brief, nothing was said about the payment for printing that brief.

The following facts appear from the evidence, viewed in the light most favorable to the plaintiff:

In late December, 1931, the defendant went to the plaintiff's place of business and inquired of Mr. Wright about the printing of a brief and the price for the same. Later in the same day, after further conversation with Mr. Wright on the subject, the price for printing the brief was agreed on, and the defendant ordered it to be printed. Mr. Wright took the order, and the bookkeeper made out a job ticket. Some time later, the defendant ordered the printing of a supplemental brief in the same case. Mr. Wright and the bookkeeper were both present at that time, and the latter made out a job ticket for that work. Both job tickets were made out in the name of and as being for R. E. Stevens.

When the briefs were printed the bookkeeper charged the work on the plaintiff's ledger in the name of ''Stevens, Roland E.'' A bill for the work was then sent to the defendant and monthly statements were thereafter sent to him in his own name. Three or four weeks after the first bill was sent to the defendant he went to the plaintiff's office and asked Mr. Wright if he would make a bill out for him to Mr. Robertson ''so that it would aid him to collect his money.'' Mr. Wright complied with his request and had a bill for the printing made out to

Mr. Robertson and it was given to the defendant. All entries and charges on the plaintiff's books were made to the defendant personally. The entries and job tickets were made at the time of the transaction, and they have never been changed or altered. The plaintiff has always relied on the name and credit of the defendant and never relied on anyone else.

When the defendant ordered the printing of the main brief he did not tell Mr. Wright that he would not be personally responsible for the printing of that brief, nor did he ever tell Mr. Wright that the bill for the printing should be made out to Mr. Robertson. When the printing was ordered by the defendant, Mr. Wright did not know Mr. Robertson or anything about his financial condition or ability to pay, but he did know the defendant. No charge was ever made on the books of the plaintiff to Mr. Robertson for the printing bill, and the plaintiff never sent a bill for the same to Mr. Robertson. After the first bill and the monthly statements were sent to the defendant Mr. Wright met him frequently, but the defendant, up to September, 1932, never made any protest to the work being charged to him nor any denial of the charge, nor did he ever say anything to Mr. Wright that indicated that he was not the proper party to whom the printing should be charged. The defendant never refused to pay for the printing until after he and Mr. Wright had a political argument in September, 1932, when he told Mr. Wright that he did not owe the plaintiff anything and he would not pay the bill.

On several occasions prior to September, 1932, Mr. Wright asked the defendant to pay the bill. On none of those occasions did the defendant deny that he owed the bill, refuse to pay it, or say that it was for his client to pay. On one occasion the defendant told Mr. Wright that he had not received his money from his client, and asked him if he would not wait until he could get it. On another occasion the defendant said that he had not received the money from his client and was short himself, and he asked Mr. Wright if he would not wait; that he expected the money shortly. On another occasion Mr. Wright told the defendant that he needed some money, had got to have some, and the defendant replied that he was sorry that he couldn't let him have it because he was short and hadn't collected his money from his client; that his client owed him quite a little money and that he had a lien on some property which he

expected to get settled "before long," and when that was settled he would pay.

No other witness than the defendant testified in defense. While many of the facts which the plaintiff's evidence tends to prove are denied or contradicted by the defendant, it was for the court to pass upon the credibility of the witnesses and to determine what weight it would give to their testimony.

The evidence produced by the plaintiff clearly supports the finding excepted to as against the grounds that it is unsupported by the evidence and is against the evidence. We will consider the other ground of the exception later.·

The defendant requested the court to find:

"1. The defendant was agent and attorney for William L. Robertson and Annie E. Robertson at the time he ordered the brief and supplemental brief to be printed."'

"2. The plaintiff knew that the defendant was agent and attorney for the said Robertsons when the order for printing the briefs was given and executed."

"3. The defendant did not expressly contract for the printing of said briefs in his own name."

The requests were denied, and the defendant excepted.

Although Mr. Robertson is referred to in the defendant's brief as the client of the defendant and no reference is made therein to Mrs. Robertson, it appears from the uncontradicted evidence that at all times material here the plaintiff knew that the defendant was acting as the attorney and agent for both Mr. Robertson and Mrs. Robertson. The court erred in not complying with the first and second requests of the defendant for findings. The error, however, is harmless because in our consideration of the third request for findings, we assume that at all times material the plaintiff knew that the defendant was the attorney and agent of the Robertsons.

The defendant says that it is a well-settled rule of the common law that when one person contracts as the agent of another, and the fact of his agency is known.to the person with whom he contracts, the principal alone, and not the agent, is re-

sponsible; and that this rule is directly applicable to the case of attorney and client.

The defendant states the general rule correctly. But the fact that the plaintiff knew that the defendant was acting as attorney for the Roberstons is not conclusive. "Even where the principal is disclosed a contract may be made by an agent with a third person in such terms that he, the agent, is personally liable for its fulfillment. *Camp* v. *Barber,* 87 Vt. 235, 239, 88 Atl. 812, Ann. Cas. 1917A, 451. Whether this is so is largely a question of intention, to be determined by the language of the contract, with reference to its subject-matter and the contemporaneous circumstances. *Hinsdale* v. *Partridge,* 14 Vt. 547, 522." *Stevens* v. *Wright,* 107 Vt. 337, 179 Atl. 213, decided May Term, 1935.

It is a general rule of construction of contracts that the language and acts of a party to a contract are to receive such a construction as at the time he supposed the other party would give to them, or such a construction as the other party was fairly justified in giving to them, and he will not, at a later time, be permitted to give them a different operation in consequence of some mental reservation. *Taplin & Rowell* v. *Clark,* 89 Vt. 226, 229, 95 Atl. 491; *Pocket* v. *Almon,* 90 Vt. 10, 15, 96 Atl. 421; *Rowell* v. *Estate of Lewis,* 72 Vt. 163, 166, 47 Atl. 783; *Ballard* v. *Burton,* 64 Vt. 387, 390, 24 Atl. 769; *Gunnison* v. *Bancroft,* 11 Vt. 490, 493.

Viewing the evidence in the light most favorable to the plaintiff, as we must, the language attributed to the defendant when he ordered the printing of the briefs is susceptible of the construction that the printing was to be done for himself, and that the credit of his client was not pledged. The fact that the plaintiff accepted the order upon the credit of the defendant is evidenced by the job tickets, the entry upon its books, and subsequent statements sent to the latter; and his failure to protest and ask for a correction tends to show that the defendant so understood the situation and was content with it. The request of the defendant for a bill made out in the name of Mr. Robertson was not accompanied with a notice that the account should be changed on the books. It was stated to be for the special purpose of enabling the defendant to collect his pay from his client.

Furthermore, the failure of the defendant, on the several occasions hereinbefore referred to when Mr. Wright asked him to pay the printing bill, to make any protest to the bill being charged to him personally, or any denial of the charge, or of his personal liability, or to say anything indicating that he was not the proper party to whom the bill should be charged, his requests for further time because he was short of money, and his promise to pay as soon as he received the money from his client, tend strongly to show that he understood that he was personally liable for the printing bill, and that he knew, or in the circumstances ought to have known, that the plaintiff so understood it.

The plaintiff, on the evidence, was fairly justified in giving such a construction to the language and acts of the defendant; and the court below would have been warranted by the evidence in making an express finding that the defendant was personally liable for the printing bill. Under such circumstances, it cannot be said that the court erred in denying the defendant's third request for findings.

One ground of the defendant's exception to the findings is that the findings are insufficient in law to support the judgment. This exception must be sustained. As we have hereinbefore said, even where the principal is disclosed, a contract may be made by an agent with a third person in such terms that he, the agent, is personally liable for its fulfillment.

It appears from the findings that when the defendant ordered the briefs to be printed and at all times thereafter, the plaintiff understood that the defendant was personally liable for the printing bill, but there is no finding that the defendant understood that he was personally liable or that in the circumstances he knew or ought to have known that the plaintiff understood that he was personally liable. In the absence of such a finding, or findings from which that fact can be inferred, the judgment is not supported by the findings.

*Judgment reversed, and cause remanded.*