Town of Barton *v.* Town of Albany.

February Term, 1936.

Present:   Powers, C. J., Slack, Moulton, Thompson, and
Sherburne, JJ.

Opinion filed May 5, 1936.

*Raymond L. Miles* and *Maxwell W. Baton* for the defendant.

*Lee E. Emerson* for the plaintiff.

MOULTON, J. This is an action brought under the provisions of P. L. 3923 and 3924 to recover for money expended for the relief of Margaret Coffey, a poor person in need of assistance. The amount expended, and the sufficiency of the notice to the defendant, were conceded. The only issue was whether the pauper had last resided for three years, supporting herself, in the defendant town, as required by the statute. The plea was the general denial, the trial was by jury with verdict and judgment for the plaintiff, and the cause is here upon the defendant's exceptions.

Walter Coffey, the son of Margaret, who was called as a witness on behalf of the plaintiff, testified on direct examination to the effect that his mother had lived with him upon his farm in the defendant town from early June, 1927, until May 5, 1933, when they moved to Barton; and before this period she had lived with him in the town of Lowell. During these times, he said, she was employed at intervals in other communities, but always returned to his house where she had her own rooms and furniture. On cross-examination the witness said that his parents lived in Charleston from June, 1911, until his father's death in 1914. He was then asked whether they were on a farm, and what was his father's business in Charleston. The court refused to allow the questions and ruled that "anything that happened in Charleston" should be excluded. The defendant excepted.

It appears to have been made clear to the court that the testimony was offered as tending to show that the pauper's last known residence for the period of three years supporting herself and family, was in the town of Charleston, and it also appears that the ground of the ruling was that since the declaration alleged her residence to have been in Albany, evidence tending

to show that it was in Charleston would be admissible only under a special plea setting up that claim as an affirmative defense, and could not be received under the general denial.

■ ■ This theory is erroneous. The general denial puts in issue every material averment in the declaration. Here, it is alleged that "the said Margaret Coffey last resided in said town of Albany for the space of three years consecutively, to wit from March 2, 1927 to March 1, 1933, supporting herself and family." Obviously, any legal evidence tending to prove that such was not the case would be admissible under the plea, because the effect of it would be to show that no cause of action existed. *James* v. *Aiken*, 47 Vt. 23, 27; *Limerick Bank* v. *Adams*, 70 Vt. 132, 139, 40 Atl. 166; *Blaisdell* v. *Davis*, 72 Vt. 295, 304, 48 Atl. 14. If the pauper had a residence in Charleston during the period in issue, she could not have had one in Albany. In fact, if it had been specially pleaded that she had so resided, the plea would have been bad on demurrer, as argumentative and amounting to the general denial. *Kimball* v. *Boston, Concord and Montreal R. R. Co.*, 55 Vt. 95, 98.

■ ■ It is true, of course, that merely to show a residence in Charleston existing not later than 1914 would be entirely immaterial, unless there should be further evidence to the effect that such residence continued to within three years of the time of the assistance to the pauper resident by the plaintiff town. And it is also true that the occupancy of a farm in Charleston, or the nature of the business of the deceased husband there, standing alone, would have had no bearing upon the issue. But the ruling operated to exclude not only the particular questions asked, but any other inquiries relating to the claim of residence in Charleston. Thus the defendant was precluded from introducing evidence tending to show that such residence continued, and was in existence during the material period, as the offer sufficiently indicated its claim to be. The plaintiff contends that the exclusion can be sustained upon the ground that the questions were not proper cross-examination. We need not decide whether this is so. The ruling went far beyond the discretionary power of the court to control the cross-examination. It affected the future scope of the defense, and set an improper limit to the evidence to be offered in support thereof. Counsel for the defendant could only acquiesce, and it is no

answer to say that he might have offered the testimony at some later time with more success.

*Judgment reversed and cause remanded.*