ELSIE CLIFFORD VERFENSTEIN *v.* LOUISE DEIGLMAYR.

November Term, 1939.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed January 2, 1940.

*Goddard & Kennedy* for the plaintiff.

*E. B. Cornwall* and *John T. Conley* for defendant.

STURTEVANT, J. In this action plaintiff seeks to recover an unpaid balance claimed to be due from defendant as a part of the purchase price for a tea room business and equipment sold by plaintiff to defendant in the summer of 1936. Declaration is in the common counts. Plea, general issue with a special plea of fraud. Trial by court and upon the findings filed defendant had judgment. The case is here upon plaintiff's exceptions.

Plaintiff's first exception is to a portion of finding No. 6 which finding is as follows:

"The plaintiff's evidence tended to show that one thousand dollars was to be paid at once and the balance of the purchase price amounting to $1500.00 was to be paid at the rate of $50.00 a month beginning after the College opened in September but the defendant's evidence was that one thousand dollars ($1000) was to be paid at once and that the balance of the purchase price was to be paid at the rate of $100 per month out of the profits of the business, and the Court finds that the defendant understood and agreed at the time she purchased the business to pay the last $1500.00 of the purchase price out of the profits of the business."

Plaintiff's first exception is taken to the last five lines of the above quoted finding and is upon the grounds that such part of the findings is outside the issues made by the pleadings and is unwarranted by the pleadings and the evidence.

This contention is unsound. The findings excepted to when read in connection with finding No. 7 which states that

"the defendant has not been able to make any profits out of the business whatsoever since she purchased it," show that plaintiff's alleged cause of action has never existed and so the findings excepted to are within the scope of the general issue which was pleaded. *Town of Barton* v. *Town of Albany,* 108 Vt. 266, 268, 184 Atl. 697; *Blaisdell* v. *Davis,* 72 Vt. 295, 304, 48 Atl. 14; *James* v. *Aiken,* 47 Vt. 23, 27.

■ As to plaintiff's contention that the finding in question is not supported by the evidence, it appears that while the evidence as to facts stated in findings covered by this exception was conflicting, there was, however, ample evidence to support the finding as made. Under these circumstances it was for the court to weigh the evidence and determine the facts. *Right Printing Co., Inc.,* v. *Stevens,* 107 Vt. 359, 364, 179 Atl. 209, 100 A. L. R. 528. This exception is not sustained.

■ Plaintiff's second exception briefed is to the failure of the court to find that plaintiff was not guilty of fraud in making this sale to defendant. We need give no consideration to this exception because it appears that with findings Nos. 6 and 7 standing as they do, the requested finding, even if made, would not change the result. Therefore, if there was error here, which we do not decide, it was harmless.

From what has been hereinbefore stated, it also appears that plaintiff's contention that the judgment is not supported by the findings is without merit. All of plaintiff's exceptions have been considered and no error is made to appear.

*Judgment affirmed.*