## URIAH HAYES vs. WALTER MORSE.

An endorsement of part payment upon a written contract, when it is proposed to be used for the purpose of rebutting a presumption of payment of the balance, can have reference only to the time such part payment purports to have been made.

This was an action of assumpsit on promissory note, dated April 22d, 1819, for $120, or four cows and calves, four years from the month of May following the date. On the back of the note was the following endorsement, signed by the parties :

" January 10, 1833—Received *two* cows on this note, supposed, *at the time the note was out, as agreed by us both.*"

At the trial, the defendant gave testimony tending to show, that at the time of making the endorsement, the defendant contended he had paid the whole note at the time it fell due, while plaintiff contended he had only paid two cows. It was finally agreed that the endorsement, as far as the parties could think alike, should be made, and accordingly the endorsement was made.

The court were requested to instruct the jury that the testimony, if believed, was sufficient to take the case out of the statute of limitations, which was the issue joined. The court refused so to charge, and directed a verdict for the defendant. The case comes here for revision.

*Mr. Cushman for the plaintiff.*—1. The plaintiff, on the trial, contended that he had received two cows only, on two notes for six cows.

2. That he had, at the time, two notes against the defendant— one for $60, or two cows and calves, and one for $120, or four cows and calves.—Both said notes dated April 22d, 1819—one payable in three years—the other payable in four years.

The defendant contended that he had paid four cows and calves, and no more ; and that that was all he owed the plaintiff.—The first two cows paid by defendant, were paid in 1822, as per the depositions, and the same were endorsed by said Hayes on the first note for $60 or two cows and calves, which was then out, or payable. The other note not being then due.

Windsor,
February,
1836.
Hayes
vs.
Morse.

Again : The parties living one in Boston and the other in Pomfret, and not seeing each other for a course of years ; but they met on the 10th of January, 1823, as per the endorsement on the note sued, and then made the agreement and liquidated the matter.—By which agreement and liquidation, plaintiff contends, that altho' the said note might be technically outlawed, yet, what is there recited, together with the other evidence in the case, sveas the note and the statute of limitations does not attach.

The two notes were both made evidence in the case ; but the judge, in his bill of exceptions, has mentioned but one.

The two first cows paid, were endorsed on the note then due ; and the two last endorsed by agreement, on the $120 note then due.

*Mr. E. Hutchinson for the defendant.*—The writing on the back of the note, signed by the parties, (relied upon by the plaintiff as taking the case out of the statute,) is no more nor less than an admission of just such facts as are therein stated. And the only fact stated is, that two cows were paid at the time the note fell due. How can it be said that, by that, defendant admitted a balance to be due, when he was neither asked to, nor did he say one word concerning the balance, whether it was due or not? Suppose, instead of this writing, defendant had been asked, in the presence of a witness, ‘ Did you not sign the note ?’ and that his reply had been, ‘It is my signature,’ that would have been an admission of an indebtedness *once*, but none of a subsisting indebtedness *then*. Suppose him to have been then interrogated, ‘ Did you not pay me two cows when the note was out ?’ and the answer had been, ‘ I did,’ would any one at this day contend that that alone amounted to an acknowledgement of the rest being still due ? Neither does this trick of the plaintiff, in procuring defendant's signature to that writing, (when by his own admissions defendant all the while contended that the note had been fully paid,) avail him any thing by way of *inference*. Indeed, the very phraseology of the writing, that " two cows were paid, supposed at the time the note was out, *as agreed by us both,*" necessarily implies that they had a dispute

about the rest. Else, why not take a new note? For the very obvious reason that he could not get it.

"It is not enough that the acknowledgement goes to the original justice of the claim; it must go to the fact that it is still due."—Ch. J. Marshall, in *Clementson* vs. *Williams*, 3 Cond. R. 37—8 Cranch, 72.

"The acknowledgement, to revive the original cause of action, must be unqualified and unconditional. It must shew *positively* that the debt is due in whole or in part."—Ch. J. Marshall, in *Netsell* vs. *Bussard*, 11 Wheaton, 309—6 Cond. R. 325—See also *Olcott* vs. *Scales*, 3 Vt. R. 173.

"The statute of limitations, instead of being viewed in an unfavorable light, as an unjust and discreditable defence, should have received such supports from courts of justice, as would have made it what it was intended emphatically to be, a statute of repose. It is a wise and beneficial law, not designed merely to raise a presumption of payment of a just debt from lapse of time; but to afford security against *stale* demands, after the true state of the transaction may have been forgotten, or be incapable of explanation by reason of the death or removal of witnesses."—Justice Story, in *Bell* vs. *Morrison et al.* 1 Pet. R. 360.

The opinion of the court was delivered by

REDFIELD, J.—It is not necessary, perhaps, to go into any discussion of the long vexed question, how far an endorsement of part payment on a note or bond is evidence to go to the jury for the purpose of rebutting the presumption of payment in the one case, or to remove the operation of the statute of limitations in the other. It was once settled in England, (*Searle* vs. *Bossington*, 2 Strange, 286,) that an endorsement in the hand-writing of the obligee or payee, bearing date prior to the term of the period of the statute of limitations having elapsed, might go to the jury as evidence to rebut presumption of payment, or remove the statute bar. That case was very elaborately discussed at *nisi prius*, before Ch. J. Pratt, who rejected the evidence, subsequently, in the King's Bench and Exchequer Chamber, and finally in the House of Lords, in each of which courts it was held that the testimony was competent to go to the jury. That decision was acquiesced in until more recently, when Lord Ellenborough, at *nisi prius*, held that such an endorsement, to be evidence to go to the jury to rebut presumption of payment, or remove the bar of the statute of limitations, must be accompanied with other evidence tending to show, either

WINDSOR,
February,
1836.
Hayes
vs.
Morse.

that the endorsement was made by the consent of the obligor or maker of the note or bill, or that it was in fact made before the right of action had become barred by lapse of time, and when the payee could have had no motive to make the endorsement with a view to use it as evidence for that purpose. This rule was adopted in New-York by the supreme court in the case of *Roseboom* vs. *Billington*, (7 John. R. 183.) And such continued to be the settled law in Westminster Hall until the passing of Lord Tenterden's Act, requiring the promise to pay a debt barred by lapse of time, in order to avail the plaintiff, to be in writing. This is the 9th Geo. IV. C. 14, and finally put all discussion of that and similar questions at rest. With us the subject is still open to discussion, and must remain one of some uncertainty until the legislature see fit to interfere. There is perhaps no subject upon which there has been more judicial legislation than that of the limitation of actions. The whole subject of removing the bar by a new promise to pay the debt, or an admission of its existence, is a creature of the creation of courts. The presumption of payment of a bond (in England) from the lapse of twenty years, is of the same character.

But in regard to an endorsement on a written contract, it has always been held that to avail the payee for the purpose of rebutting a presumption of payment, it must be an endorsement of a payment *made* at the date of the endorsement, or that it can have reference only to the time at which the payment was in fact made. In this case, the endorsement being signed by both parties, no question as to its being made before or after the debt had become barred by statute, will arise. For being signed by the defendant, if it imported a payment at the time of its date, it must clearly take the case out of the statute. For part payment of the debt without qualification is an admission of the balance remaining due, which is sufficient to remove the bar of the statute of limitations.—*Olcott* vs. *Scales*, 3 Vt. R. 177. But this is only a payment made at the time the note fell due, and does not import a payment at the date of the endorsement. And this admission was accompanied with a claim that the whole had been paid. The endorsement then taken, either by itself or in connection with the other evidence, which is competent to qualify or explain a mere admission and not a contract, had no tendency to show an admission of a present subsisting debt, which defendant intended to recognize as a binding obligation, and therefore could not remove the bar created by the statute of limitations.—*Clementson* vs. *Williams*, 3 Cond. R. (Peters.) 37—8 Cranch, 72.

WINDSOR,
February,
1836.
—
Hayes
vs.
Morse.

And the construction contended for by plaintiff would be to revive the ancient absurdity of a constructive repeal of this highly beneficial statute, by declaring any assertion, which one might see fit to make, when interrogated as to the date, a sufficient admission to take the case out of the statute.

We are happy to believe that a more recent and more rational construction has redeemed these statutes from much of the uncertainty which for many years hung over them. They are now considered, like any other statute, worthy of the highest consideration, and binding upon courts within their just limits. They have been very justly denominated "statutes of repose."

Judgment of the county court is affirmed.