# WASHINGTON COUNTY.

Pʀᴇsᴇɴᴛ, Hᴏɴ. CHARLES K. WILLIAMS, *Chief Justice.*
" STEPHEN ROYCE,
" ISAAC F. REDFIELD, } *Assistant Justices.*
" MILO L. BENNETT,

## Eʙᴇɴᴇᴢᴇʀ Gᴜɴɴɪsᴏɴ *v.* Aᴀʀᴏɴ T. Bᴀɴᴄʀᴏғᴛ.

Use and occupation of a house, although perhaps not strictly a proper subject of charge on book, may, nevertheless, be adjusted in that form of action, when the other party claims to recover for articles delivered, to be applied towards the rent.

Language used by one party to a contract, is to receive such a construction, as he, at the time, supposed the other party would give to it, or such a construction as the other party was fairly justified in giving to it, which is the same thing.

Tʜɪs was an action of book account.

Judgment to account was rendered in the county court and an auditor appointed, who reported the accounts of the parties and the facts found by him relating to the items in dispute.

The plaintiff's account commenced in May, 1835, and ended in June 1836, and was principally for boots and shoes.

An item in the defendant's account, under date of Sept. 28, 1836, was as follows ;—

"To use of my house, one year, $20,00";—

In relation to which, the auditor reported ;—that, a short time previous to the 28th day of Sept. 1836, the plaintiff hired a house of the defendant for one year, at $20,00, for one Lane to live in. Lane was then in the employ of the plaintiff ;—that it did not appear that any lease was given, or agreement made how or when the rent should be paid, except as to the three first items of the plaintiff's acount, amounting to $2,97, which sum the defendant then owed to the plaintiff, and was, by the agreement then made by the parties, to be applied in part payment of the rent ;—that by a subsequent agreement, all of the plaintiff's account made in 1836, amounting to the further sum of $5,71, was also to be applied towards the rent ;—that soon after the plaintiff hired the house of the defendant, the defendant went to the plaintiff's shop and inquired of the plaintiff if he (defendant) could have boots and shoes, and work done that year, in payment of the rent of the house ;—that the plaintiff said he could if Lane was willing ;—that the work done, and boots and shoes delivered, in 1836, were to be so applied ;—that the work done for, and boots and shoes delivered to, the defendant in 1837, were received by the defendant with the expectation of applying the same towards the rent, but the plaintiff did not suppose that such an application would be made, nor did he do the work, or deliver the boots and shoes with that expectation, and that it did not appear that the plaintiff gave the defendant notice that the items charged in 1837, were not to be applied as those charged in 1836 were, in payment of the rent.

It appeared that the boots and shoes, charged in the plaintiff's account, were all delivered during the year for which the house was hired.

The auditor further reported, that if the court were of the opinion, that, from the foregoing facts, the charge for rent was a proper item of book charge, he found a balance of $5,79, due from the plaintiff to the defendant, but if the court were of the opinion that the rent could not be adjusted in this form of action, then he found a balance of $8,85, due from the defendant to the plaintiff.

The county court rendered a judgment, upon the report, for the defendant to recover of the plaintiff the amount found due to the defendant by the auditor, and the plaintiff excepted.

*O. H. Smith,* for plaintiff.

I. It is a well settled principle, that an action on book will not lie for the use and occupation of real estate. Brayton's R. 39. *Case* v. *Berry,* 3 Vt. R. 332. 1 Swift's Dig. 582. 5 Conn. 493. What was said by judge Prentiss, in the case of *Case* v. *Berry,* is a mere *obiter dictum,* and if it be law, it cannot be considered as an authority for the defendant to have his whole claim, for rent, adjusted in this action, because a part of the articles were delivered to apply in part payment of it.

It is also well settled, that an action on book will not lie for articles delivered, or money paid, expressly to be applied on a note or other claim, not a proper item of book charge. *Stevens* v. *Tuttle,* 3 Vt. R. 519. *Slasson* v. *Davis, et al.* 1 Aikens' R. 73. 1 Day's R. 104.

The only cases which furnish the least semblance of authority for the defendant, are those of *Harrington* v. *Hall,* 2 Aikens' R. 175. *Barlow* v. *Butler,* 1 Vt. R. 146. *Farrand* v. *Gage,* 3 Vt. R. 326, and *Fassett* v. *Vincent,* 8 Vt. R. 73.

But, upon examination, we think that these authorities do not support the doctrine contended for by the defendant, but sustain the principle decided in the case of *Fay et al.* v. *Green,* 2 Aikens' R. 386, and are authorities in favor of the plaintiff.

The action on book is founded on a kind of moral necessity and ought not to be extended beyond it. 5 Conn. R. 496.

The question of law, referred by the auditor to the court, is, not whether the rent may be insisted on as a reason why the plaintiff should not recover the sum of $8,85, for articles delivered and work done in 1837, but whether the rent is a proper item of account, and can be adjusted in this form of action.

To have the rent applicable to the $8,85, the articles

must have been delivered, technically, as a payment. *Strong*
v. *McConnell*, 10 Vt. R. 231.

    *J. A. Wing*, for defendant.

    The opinion of the court was delivered by

    REDFIELD, J.—The only question to be determined in this case, is, whether the defendant can, under the circumstances of the case, be allowed the charge in his account for rent of a house.

    The boots and shoes, charged by the plaintiff to the defendant, were delivered partly in the year 1836, and partly in the year 1837, but all during the year for which the house was hired.

    The auditor reports, that the defendant expected to receive the shoes and boots towards the rent, as well those delivered in 1836 as in 1837; but that the plaintiff did not expect those delivered in 1837 would be applied towards the rent. This difference in the expectation of the parties is doubtless found by the auditor from their own testimony, and it certainly places the plaintiff in a very awkward position. He has charged all the work, even that which he admits, or which, beyond all controversy, was expressly agreeed to be applied towards the rent. By so doing, he declares that the parties expected the rent to be adjusted with their other book accounts. Else how shall justice be done? *Case* v. *Berry*, 3 Vt. R. 332. If the party charge any matter upon book, and present it before the auditor, and claim to recover for it, he cannot object to any other matter being brought into the account upon which it was agreed that this charge should apply. *Farrand* v. *Gage*, 3 Vt. R. 326. *Fassett* v. *Vincent*, 8 Vt. R. 73. The same principle was decided in *Harmon* v. *Sumner*, in Orleans county, which is not reported.

    And it is very evident, in this case, that the contract to let the defendant have boots and shoes, during the year, to apply towards the rent, must be considered as extending to the year for which the house was hired. Any other construction would be little better than a mere quibble. The language of the plaintiff must be construed as the defendant had a right to understand it, or as the plaintiff expected the defendant would understand it. And the plaintiff cannot

now be permitted to give it a different operation in consequence of some mental reservation.

The judgment of the county court, which was to this effect, must be affirmed.