LINCOLN & GUSTIN *v.* GEORGE W. JOHNSON.

*Statute of Limitations.    Payment.    Promissory Note.*

An agreement to take certain articles of property in existence towards the payment of a note operates as payment for the purposes of the statute of limitations, from the time of the agreement, and not from a subsequent time when the holder of the note actually obtains the property and endorses it on the note, the other party not having agreed to carry it to the holder of the note, and having done nothing to prevent his getting it at any time, and the value being less than forty dollars.

THIS was an action of general assumpsit. Plea, the general issue, and statute of limitations. Replication, a new promise within six years. Tried by the court, June term, 1869, PECK, J., presiding.

The plaintiffs introduced a note signed by the defendant, dated August 16, 1845, for the sum of $338.94, payable on demand with interest annually, on which note were various endorsements, commencing soon after the making of the note, and continuing from time to time, down to the 7th of February, 1861. The writ was dated February 6, 1867, and was in fact issued on that day.

The plaintiffs relied upon the last endorsement, and the payment then made, to take the case out of the statute of limitations.

The endorsement of February 7, 1861, was " one set of wagon wheels, $10,00, and old iron. "   In relation to the last endorsement the court found the following facts:

The plaintiffs live in Chelsea, and the defendant in the village of Post Mills, in the town of Thetford. That previous to the date of said note, the plaintiffs had furnished the defendant stoves and stove-pipe, to sell; and that at the time of the date of said note, the plaintiffs and defendant settled and found due the plain-

tiffs the amount for which said note was given ; that after giving said note the defendant made small payments on the same from time to time, and the last endorsement on said note, previous to the one that the plaintiffs rely on, was dated May, 1851 ; that the plaintiffs called on him after that, from time to time, for pay, and that plaintiff Gustin, some time after the endorsement of May, 1851, and previous to the 7th day of February 1861, asked the defendant for pay, on said note,—the exact time did not appear— but said Gustin testified that he thought that it was some time within six months previous to said last endorsement, but that it might be more, and it might be less.

When thus called upon by the plaintiff, the defendant replied that he had not got anything, that he was poor, and could not pay him. The plaintiff, Gustin, replied, that at some time when he was at his, the defendant's house, he saw some wagon wheels and some old iron, and that he would take them, to which the defendant assented, and both parties understood that they were to apply on this note, but there was no price named or agreed upon, for either the wagon wheels or old iron, and no time named for the defendant *to deliver them* to the plaintiffs, nor for the plaintiffs to send for them ; nor was there any agreement made at that time, nor afterwards, nor before, in relation to the wagon wheels and old iron, only as heretofore and hereafter stated.

The court did not find what length of time intervened between the conversation and the sending for the property by the plaintiffs, further than that it was at least six months or more. The court found the wagon wheels worth the sum at which they are endorsed, and the old iron, which consisted of two old stoves, worth six dollars.

At the date of the endorsement of the old iron and wagon wheels upon said note, the plaintiffs sent one Asa Robbins to Post Mills for them, and he brought them to the plaintiffs at Chelsea, and they were endorsed by the plaintiffs in the absence of the defendant, at Chelsea, upon the note as above stated. Upon the foregoing facts the court decided that the said note was barred by the statute of limitations, on the ground that the transaction of the wagon wheels and old iron, relied on by the plaintiffs, as pay-

ment, must, for the purposes of this question, be regarded as made at the time the defendant consented that the plaintiffs might have the wagon wheels and old iron, and must be taken in connexion with what was then said, and not as made at the time they were actually taken away by the plaintiffs.

The distance from Chelsea to Post Mills is about twelve miles. It was not claimed on the part of the defendant that any other payments had been made than what are endorsed on the note.

To the above decision the plaintiffs excepted.

*Hebards*, for the plaintiffs.

*C. W. Clarke*, for the defendant.

The opinion of the court was delivered by

WILSON, J.   This is an action of assumpsit in which the plaintiffs seek to recover the amount they claim is due upon a promissory note dated August 16th, 1845, for $338.95, upon which various endorsements were made prior to the commencement of the suit.   The defendant pleads the statute of limitations; to which the plaintiffs reply a new promise, within six years next before the 6th day of February, 1861, on which day the writ in this suit was issued.   To take the case out of the statute of limitations the plaintiffs rely on the last endorsement on the note, which was made February 7th, 1861, for property which the plaintiffs bargained for several months before the date of that endorsement, but did not remove the property until the day on which the endorsement was made.   It is claimed by the plaintiffs that the property operated as payment only from the time they took it into their custody. The defendant claims that if the property constituted part payment of the note at all, it should be treated as made at the time the plaintiffs bargained for it, which was more than six years prior to the commencement of the suit.   Hence the general inquiry is, when did the transaction take effect as payment upon the note. We think the payment must, for the purposes of the statute of limitations, be regarded as made at the time the plaintiffs elected to take and the defendant consented they might take the property

for that purpose.  It is claimed by the plaintiffs that, until they had received the property, they were not bound to take it, and the defendant was not bound to allow them to take it away.  It will be observed that the value of the property was less than $40, it would therefore seem that the agreement was not within the statute of frauds, but was binding, as between the parties, even while the property was in the possession of the defendant.  There is, however, no occasion to decide what would be the rights of the parties, if either of them had rendered it impossible for the other to have obtained the benefit of the agreement.  The plaintiffs can claim nothing beyond the legal effect of the transaction in which both parties concurred.  The endorsement upon the note February 7th, 1861, did not remove the statute bar, but it was removed by the agreement as to the property, which was made more than six months before the date of that endorsement.  The plaintiffs' offer to take, and the defendant's consent that they might take the property as payment upon the note, constituted a perfected and legal agreement as between the parties, for the purpose by them intended.  The defendant did not agree to carry the property to the plaintiffs, and nothing remained to be done by the defendant to entitle the plaintiffs to take it.  This is apparent, not only from the agreement, but also from the subsequent acts of the plaintiffs. The defendant did nothing in respect to the property after the agreement was entered into, but the plaintiffs, six months after that, in the absence of the defendant, took the property away, without any further negotiation with him in regard to it. · The agreement to take the property took effect at the time it was made, and the property operated as payment of that date.  The endorsement upon the note, February 7, 1861, was the act of the plaintiffs alone ; it was not according to the legal effect of the transaction, and not authorized or assented to by the defendant.  If the plaintiffs claimed the property as payment upon the note, they were bound to treat it as such at the time the agreement was made, which was more than six years next before the suit was commenced, consequently the note was barred by the statute at the date of the plaintiffs' writ.

The judgment of the county court is affirmed.