## STEPHEN L. GOODELL *v.* BRANDON NATIONAL BANK.

*Estoppel in pais. Bank deposit. Statute of limitations.*

1. A depositor, who keeps an open bank account, is not estopped to recover from the bank the amount of an over-charge in his account by the fact that he did not for twenty-one years discover the mistake, although during all that time he kept a deposit book, which was written up and returned to him with his checks every few months by the bank, it not appearing that the defendant has been put to any material disadvantage thereby.

2. Nor is the statute of limitations a bar, notwithstanding that the plaintiff, more than six years before the commencement of suit, drew out the balance his due as shown by the bank books, and closed his account for some two years.

General assumpsit. Plea, the general issue with notice of special matter. Trial by jury at the September term, 1890, Taft, J., presiding. The court directed a verdict for the defendant and the plaintiff excepted.

*C. M. Willard,* for the plaintiff.

The plaintiff is not estopped. Mere lapse of time, no matter how long, does not work an estoppel. It is merely presumptive evidence of payment.

*Graves* v. *Weeks,* 19 Vt. 178; *Dunning* v. *Chamberlin,* 6 Vt. 127; *Evarts* v. *Nason,* 11 Vt. 122; *Kimball* v. *Ives,* 17 Vt. 430; *Grafton Bank* v. *Doe,* 19 Vt. 463; *Mattock* v. *Bellamy,* 8 Vt. 463; *Sparhawk* v. *Buell,* 9 Vt. 41; *McQueen* v. *Fletcher,* 4 Rich. 152; *Bean* v. *Tonnele,* 94 N. Y. 381; *Morris* v. *Wadsworth,* 17 Wend. 103; *McBride* v. *Moore,* Wright 524; *Barnard* v. *Barnard,* 21 N. Y. (Eq.) 245; *Delaney* v. *Barrett,* 62 Wis. 615; *Leather Mfrs. Bank* v. *Morgan,* 117 U. S. 96.

Goodell *v.* Brandon National Bank.

The mistake resulted entirely from the negligence of the defendant, which can claim no benefit from any subsequent remissness upon the part of the plaintiff. Moreover it does not appear that the defendant has suffered by the delay.

*Leather Mfrs. Bank* v. *Morgan,* 117 U. S. 96.

The statute of limitations does not begin to run against a bank depositor until actual demand.

*Poultney* v. *Wells,* 1 Aik. 180; *Hutchinson* v. *Parkhurst,* 1 Aik. 258; *Wright* v. *Hamilton,* 2 Bail. 51; *Gerard Bank* v. *Bank Pa.,* 39 Penn. 92; *Howell* v. *Adams,* 68 N. Y. 314; *Thompson* v. *B. No. Am. Bk.,* 82 N. Y. 1; *Re* Waldron, 28 Hun. 481; *Brown* v. *Pike,* 34 La. 576; *Veits* v. *Union Bank,* 31 Hun. 484; *Smiley* v. *Fry,* 49 N. Y. 134; *Simons* v. *U. S.,* 19 Ct. Cl. 601; *Harrison* v. *U. S.,* 20 Ct. Cl. 175; *Ganley* v. *Troy City Bank,* 98 N. Y. 487; *McGough* v. *Jamieson,* 107 Penn. St. 336; *Branch* v. *Dawson,* 33 Minn. 399; *Humphrey* v. *Clearfield Bk.,* 113 Penn. St. 416; *Bk. Louisville* v. *Gray,* 2 S. W. Rep. 168; *Starr* v. *Stiles,* 19 Ariz. 225; *Fay* v. *Clow,* 3 N. Y. 593; *Hitchcock* v. *Wilster,* 6 Dem. Sur. 255.

*J. C. Baker,* for the defendant.

The plaintiff's pass book and paid checks were returned to him, and it was his duty within a reasonable time to compare the one with the other and notify the bank of any discrepancy. Not having done so, he is now estopped.

*Bank* v. *Morgan,* 117 U. S. 96.

The closing of the plaintiff's account and the drawing out the amount standing to his credit, was in effect a demand within the reasoning of the cases requiring a demand, and the statute would begin to run from that time.

*Staniford* v. *Tuttle,* 4 Vt. 82.

Nor would the fact that he afterwards opened a new account help the plaintiff, since any subsequent payments were, in the contemplation of both parties, upon the new account alone.

*Union Bank* v. *Knapp*, 3 Pick. 96.

The opinion of the court was delivered by

ROSS, Ch. J.    For many years the plaintiff kept his account and did his business, with the defendant bank.    This is an action of assumpsit, by which he seeks to recover $1,000 and interest, which he claims the defendant overcharged him in his account May 5, 1868.    On that day he drew a check on the defendant payable to himself, which in the left hand corner had in figures $1,900, but written in the body, nine hundred dollars.    The defendant charged him, in his account, nineteen hundred dollars. He claims that this is an overcharge of $1,000 and that he did not discover it until April, 1889, when he demanded payment, and brought this suit.    The jury having failed to agree in regard to the fact whether the defendant did on that occasion, overcharge him, the court ordered a verdict for the defendant on the undisputed facts which appeared on the trial before the jury. The defendant undertakes to sustain this action of the trial court on two grounds:

1.    He contends that the plaintiff is estopped from maintaining this suit, by his delay and neglect, in not discovering the claimed overcharge earlier.    It appears that the plaintiff kept a deposit book, which he frequently had written up by the defendant, on which occasion it returned the checks which he had drawn since the account was last written up, with his deposit book.    In about four weeks after the claimed overcharge, the plaintiff had the defendant write up his account in his deposit book.    On this occasion he was charged on this check the sum of $1,900 and the check was returned to him.    To establish an *estoppel in pais*, it must appear from uncontroverted facts that the defendant has been put to material disadvantage by the neglect and delay of the plaintiff in making the discovery; or that, in reliance upon the fact that the charge truly represented

20

the sum paid, it has taken, or neglected to take some action, or lost some right which would be to its benefit. Nothing of the kind appears from the facts certified in the record. The long delay has doubtless deprived both parties of the personal recollection of those engaged in the transaction. But this is a disadvantage which attaches to both parties. If the defendant, being a moneyed institution, kept its books with care and accuracy, the books ought to have disclosed to it at once, whether its cash on hand was $1,000 in excess of what its books required. On the basis that there was an overcharge of this amount, the defendant must have been guilty of negligence in not discovering it on the very day it occurred. The record does not disclose that the defendant is put to any disadvantage by the delay of the plaintiff in making discovery of the claimed overcharge. Its books, so far as appears, are in existence and show its version of the transaction. If the plaintiff's contention is true, the defendant, for many years, has had this $1,000 to use, probably without any charge for interest. We find no ground to justify the action of the trial court on the basis of an *estoppel in pais*.

2. The defendant also contends that the action of the County Court should be upheld, because the claim of the plaintiff, if otherwise established, on the undisputed facts, was barred by the statute of limitations. It appears that the plaintiff in April, 1878, drew out the balance standing to his credit upon the books of the defendant, and that he did not keep any deposit, or account with the defendant for about two years thereafter. He then opened a new, or further account.

The defendant claims that the draft for the balance, in 1878, was a demand for what then was due, and that the statute would begin to run from that date.

It is well settled that a deposit of this kind is not payable except upon demand, and that the course of business requires the demand to be made by a written voucher or check. But checks are only demands for the amounts named in them. Hence the

check drawn for the balance shown by the defendant's books in 1878, was not a demand for the $1,000 now claimed by the plaintiff. The defendant further contends that passing back the plaintiff's deposit book, on this occasion and on all other occasions, after the now claimed $1,000 was charged thereon, was legally a denial by the defendant that it had that $1,000 subject to the check of the plaintiff and a refusal to pay it if demanded ; and thereupon the plaintiff had a right of action for its recovery without demand. Ordinarily a denial of the debt, subject to payment only on demand, is a waiver of the right of demand, and the creditor may sue at once without making demand. To have this effect the denial must relate to the identical sum sued for. Where the debtor holds such sum under an honest mistake, his neglect or refusal of payment, to amount to a waiver of a formal demand, must occur after his attention has been called to the circumstances of the claimed mistake, and after he has had a reasonable time and opportunity to investigate the circumstances. On none of the occasions in which the plaintiff's deposit book was written up by the defendant and returned to the plaintiff, subsequently to the claimed overcharge, was the attention of either party called to the fact of the overcharge. Hence no waiver of demand, on the part of the defendant, arose.

On the facts disclosed, the plaintiff had never drawn a check for the claimed $1,000, nor demanded it until 1889, and no right of action arose in favor of the plaintiff for its recovery until then.

On these views, neither of the contentions of defendant sustains the action of the County Court, in ordering the verdict.

*Judgment reversed and cause remanded.*