# H. A. LYON v. A. L. WITTERS ET UX.

### FRANKLIN COUNTY, 1893.

Before: ROSS, CH. J., TAFT, ROWELL AND TYLER, JJ.

*Application of payments. Nudum pactum.*

1. Where an entire indebtedness is evidenced by several promissory notes falling due at different times, a payment made to apply on the note first to fall due, but not endorsed, will be treated as a payment upon the indebtedness and may be shown in defence of a suit upon the note last to fall due, the others having been paid and taken up.

2. A defendant is not bound by his promise to pay the balance claimed to be due upon a note, which has in fact been paid, if the plaintiff would withdraw it from the hands of an attorney with whom he had placed it for collection. The promise is without consideration.

Assumpsit. Pleas, the general issue and payment. Trial by jury at the April term, 1892, MUNSON, J., presiding. Verdict and judgment for the defendants. The plaintiff excepts.

The plaintiff sought to recover the balance due upon a promissory note for $100, which he introduced, and rested. The defendants were then permitted to show that this note was one of three similar notes given by them to the plaintiff in payment for a piano; that the note in suit was the last of the three to fall due, and that they had paid and taken up the two other notes; that the first payment made by them was one of $50 to apply on the note first falling due, but that it had never been endorsed upon either of the two notes taken up. The defendants claimed that this $50 should be applied

upon the note in suit, in which event it would satisfy the balance due.

The plaintiff insisted that inasmuch as the payment, if ever made, was to be applied upon the note first to fall due, it could not under the pleadings be given in defence to this suit, and objected and excepted to the introduction of the foregoing evidence.

The defendants expressly testified that the $50 payment was to apply on the note first falling due, and not upon the note in suit, and the plaintiff upon this evidence moved the court to direct a verdict in his favor for the amount which was admittedly due unless satisfied by this payment. This motion the court overruled and instructed the jury that if the payment was made as claimed by the defendants it would be in effect a payment upon the entire indebtedness, and if not accounted for in the payment of the other two notes, might be shown in defence of this suit.

To the refusal of the court to direct a verdict and to the charge of the court as above the plaintiff excepted.

It appeared that at one time the defendants promised the plaintiff to pay him the balance claimed by him to be due on the note if he would withdraw it from the hands of an attorney with whom he had left it for collection.

*Wilson & Hall* for the plaintiff.

The defendants are barred by the statute of limitations from recovering the $50 paid on the first note and not endorsed. *Cushman* v. *Hall*, 28 Vt. 656; *Jewitt* v. *Winship*, 42 Vt. 204; *Slason* v. *Davis*, 1 Aik. 73.

They are estopped from setting up this defense by their promise to pay the balance due. *Cornell* v. *Prescott*, 2 Barb. 16; *Hawley* v. *Griswold*, 42 Barb. 18.

*Ballard & Burleson* for the defendants.

Evidence of the $50 payment was properly admitted,

*Richardson* v. *Royalton Etc. T. Co.*, 6 Vt. 496; *Kimball* v. *Locke*, 31 Vt. 686; *Camp* v. *Page*, 42 Vt. 739.

TAFT, J.    The defendants, in July, 1876, bought a piano of the plaintiff at an agreed price of three hundred and fifty dollars.    They paid fifty dollars in cash, and executed three notes for one hundred dollars each for the remainder of the price.    On the first day of September, 1876, they paid fifty dollars upon the first note, which the plaintiff failed to endorse.    It was a payment upon the note, and although not endorsed, the law applied it in extinguishment of it *pro tanto*.    Subsequently the defendants paid the plaintiff, in addition to the fifty dollars, and without regard to it, enough to pay the three notes in full.    It does not appear that the defendants directed the application of any of the payments, except the one made on the said first day of September. The plaintiff applied enough of them upon the first note to pay it, disregarding the payment of fifty dollars made upon it as above stated.    He had no right to apply but fifty dollars and the interest upon it, as that paid the note.    The remainder of the payments which he indorsed upon it should have been endorsed upon the notes subsequently falling due.    He had no right to apply payments upon an extinguished or paid note.    Applying the fifty dollars upon the first note the jury found that the defendants had paid enough to extinguish all the notes.    In this view of the case, the admission of the evidence and the charge of the court were correct.

The defendants are not seeking to recover payments made upon the notes, but insisting upon a proper application of them.    Therefore the authorities cited by the plaintiff are not applicable.

The defendants are not estopped from setting up this defence by reason of their promise to pay any balance due upon the note in suit, and the plaintiff's withdrawal of the

note from the collection office. There was no considera-
tion for their promise, for nothing was due upon the note.
The delay in the attempt to collect it neither injured the
plaintiff, nor benefited the defendants. A case much in
point upon this question is *Goodell* v. *Brandon Nat. Bank,*
63 Vt. 303.

*Judgment affirmed.*