## I. H. P. ROWELL v. ESTATE OF W. C. LEWIS.

October Term, 1899.

Present :  TAFT, C. J., ROWELL, MUNSON, THOMPSON, and WATSON, JJ.

Opinion filed March 3, 1900.

*Statute of limitations—New promise*—"I will pay this note at any time," endorsed on a note and signed and dated by the payor, is not a waiver of the statute of limitations, but is a new promise.

*Statute of limitations—Acknowledgmemt of debt*—"Good at any time," endorsed on a note and signed and dated by the payor, is not a waiver of the statute of limitations, but is merely an acknowledgment of the debt evidenced by the note, from which a promise to pay may be implied.

*Construction of such endorsement—Principles applicable*—The presumption is that in making such endorsements the payor uses words in their primary and usual sense in endorsements upon notes.  The language must be construed as the payee has a right to understand it, or as the payor expects him to understand it.

*Interpretation for the court*—The meaning and effect of such endorsements is for the court and not for the jury to determine.

*Statute of limitations—Effect of acknowledgment or new promise*—The liability arising from an acknowledgment or a new promise is as limited as the liability under the original contract on which it is based, and is effective in avoiding the bar of the statute of limitations only for a like length of time.

*Sale of merchandise to be applied on note—Application made by law*—In case merchandise is sold and delivered to apply on an indebtedness of the vendor to the vendee, it is as though the selling price thereof had been paid in money, and the law makes the application at once in extinguishment of the indebtedness *pro tanto.*

*Statute of limitations—Time of payment, not time of endorsement, material*—The time when payments so made, and applied by the law, are in fact endorsed on the writings evidencing the indebtedness is immaterial in respect to the operation of the statute of limitations.

*Payment to apply upon an indebtedness consisting of several debts*—When an indebtedness consisted of two notes and an account, of different dates, and a payment was made upon the indebtedness, its application, by the endorsement of the creditor, in such manner as to keep all these debts alive, was proper.

*Question improperly submitted to the jury*—Under such circumstances it was error to leave it to the jury to say whether the creditor was warranted in making such application on the indebtedness, or whether he ought not to have applied the whole payment upon the first debt, and to instruct the jury that there was a presumption in the nature of evidence that the debtor would desire to have the application so made.

APPEAL from the judgment of commissioners on the estate of W. C. Lewis. The plaintiff declared specially on two promissory notes and in general assumpsit. Pleas, the general issue, payment, the statute of limitations and offset. Trial by jury, Washington County, September Term, 1897, *Tyler,* J., presiding. Verdict and judgment for the plaintiff. The plaintiff excepted.

The verdict and judgment were for the amount of the note dated September 14, 1861, described in the opinion, less the amount of all the payments made on the entire indebtedness as therein stated.

*T. R. Gordon* and *J. W. Gordon* for the plaintiff.

*Dillingham, Huse & Howland* and *Geo. W. Wing* for the defendant.

WATSON, J.   The plaintiff seeks to recover the amount due upon two promissory notes, one dated September 14, 1861, for twenty dollars, payable to the plaintiff or order, on demand with interest annually, and signed by the intestate, and the other dated August 26, 1867, for two hundred forty-eight and 25-100 dollars, payable to the plaintiff or bearer on demand, with interest annually, and signed by the intestate with the firm name of D. & W. C. Lewis, of which firm he was a member, and upon an account, of two items dated in 1861, upon a small piece of paper claimed by the plaintiff to contain the original charges, on which is endorsed a payment of coal under date of March 16, 1891.

On the former note is the endorsement, "I will pay this note at any time.   W. C. Lewis, June 13, 1873;" and under date of September 22, 1891, is endorsed a payment of coal amounting to $20.28.   On the latter note is the endorsement, "Good at any time, W. C. Lewis, Aug. 27, 1873 ; " also endorsements of coal, with number of pounds and value, under dates of October 9, 1890, November 8, 1892, and February 18, 1893.

At the close of the evidence the plaintiff requested the court to hold, as a matter of law, that the endorsements, " I will pay this note at any time," on one note, and, "Good at any time," on the other, signed by the intestate, each constituted a waiver of the statute of limitations.   The court refused so to hold, but held, as a matter of law, that these endorsements were severally, at most, a promise to pay at any time within six years from the date of the endorsement, to which the plaintiff excepted.   The plaintiff also requested that, in case his former request was not granted, the question should be submitted to the jury as a question of fact.   This the court declined to do, and the plaintiff excepted.

The endorsement, " I will pay this note at any time," is, in terms, a promise to pay the note on which it is written ; and the

endorsement, "Good at any time," giving it its greatest force as regards the statute of limitations, was but an acknowledgment of the debt evidenced by the note on which it appears, from which a promise to pay might be implied ; but neither was a promise to waive the statute, and the plaintiff was not warranted in giving such construction. The presumption is that the intestate, in making these endorsements, used the words in their primary and usual sense when taken in connection with the notes on which they were written, and there is nothing in the case indicating that he expected them to be differently understood by the plaintiff. The language must be construed as the plaintiff had a right to understand it, or as the intestate expected him to understand it. *Gunnison* v. *Bancroft*, 11 Vt. 490. The liability arising from an acknowledgment or new promise is as limited as the liability under the original contract on which it is based, and is effective in avoiding the bar of the statute of limitations only for a like length of time. *Munson* v. *Rice*, 18 Vt. 53. The requests were properly refused, and the holding of the court was as favorable to the plaintiff as the law would permit.

The coal endorsed on the notes and account was sold and delivered by the intestate to the plaintiff, as the evidence of the latter tended to show, to apply on the intestate's *indebtedness* to the plaintiff. The fair inference to be drawn from the record is that this evidence was not controverted by the defendant, and we so construe it.

The indebtedness of the intestate to the plaintiff was represented by the two notes and the account combined, and if the coal was sold and delivered to apply in payment thereon, it was the same as though the selling price thereof had been paid in money for that purpose at the time of each sale, and the law made the applications at once in extinguishment of that indebtedness *pro tanto. Farrington* v. *Jennison*, 67 Vt. 569 ; *Lyon* v. *Witters*, 65 Vt. 396. And these payments thus applied by the law, if made without protest as to further liability, operated to remove the statute bar at the times they were made, regardless

of the time when, in fact, they were endorsed in writing on the notes and account. *Lincoln* v. *Johnson*, 43 Vt. 74; *Hayes* v. *Morse*, 8 Vt. 316; *Sanborn* v. *Cole*, 63 Vt. 590. The endorsements in fact, as made by the plaintiff on July 6, 1895, were not improper. Such endorsements were consistent with the purposes for which the payments were made, and not inconsistent with the previous applications by the law. *Corliss & Way* v. *Grow*, 58 Vt. 703.

Instead of submitting the question as to whether the coal was in fact sold and delivered to apply in part payment upon the *indebtedness* of the intestate to the plaintiff, with instructions as to the effect thereof in law, if such fact was established, as the case upon the evidence required, the court, in those portions of the charge to which exceptions were taken, left it, in effect, to the jury to say whether, in justice to the intestate, the plaintiff was warranted in making the applications, as he did, to keep all three debts alive, or whether he ought not to have applied all the payments on the first debt and extinguished that as far as he could ; and that there was a presumption that the intestate would desire to have the applications thus made, in the nature of evidence to be considered with the other evidence, by the jury, in determining this question.

The charge, in this regard, allowed the jury to determine whether the plaintiff ought not to have made applications inconsistent with the purpose of the intestate in making the payments, and letting that determination be conclusive upon the question of the statute of limitations, and was error.

*Judgment reversed and cause remanded.*